See next case.

---

# The John C. Mercer Home for Disabled Clergymen of the Presbyterian Faith *v.* S. Wilson Fisher.

*Charity—Orphans' court—Jurisdiction—Real estate—Act of April* 18, 1853—*Visitorial power of commonwealth.*

Under the Price act, the commonwealth exercises its visitorial and supervising powers over charities through the orphans' court; and the court has therefore exclusive jurisdiction of the control and direction of managers and trustees in the use and disposition of property belonging to incorporated charities.

*Courts—Conclusiveness of decree—Jurisdiction.*

The judgment of the orphans' court on an application of trustees of an incorporated charity for leave to sell real estate, is clearly within its jurisdiction, and therefore conclusive upon the common pleas. ·

Argued with preceding case, Feb. 1, 1894.   Appeal, No. 202, Jan. T., 1894, by defendant, from judgment of C. P. Montgomery Co., Dec. T., 1893, No. 68, for plaintiff, on case stated. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Case stated.   Before SWARTZ, P. J.

After the decree directing the sale of the real estate in question made by the orphans' court, from which the appeal in the preceding case was taken, this case stated was agreed upon. It set out the decree of the orphans' court, the tender of a deed by plaintiff to defendant and the refusal of defendant to accept the same ; agreed that if, under these facts, defendant took a good title, judgment should be entered for plaintiff for $7,400 ; otherwise for defendant.

Judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1) in deciding that decree in orphans' court was conclusive ; (2, 3) in holding that orphans' court had jurisdiction ; (4) in not entering judgment for defendant.

*Geo. W. Rogers,* for appellant, contended that where the orphans' court had no jurisdiction, its decree was a nullity and could be impeached in any court ; and submitted the same argument as in the preceding case.

*Peter Boyd, B. P. Chain* with him, for appellee, submitted the same argument as in the preceding case.

OPINION BY MR. JUSTICE WILLIAMS, July 11, 1894:

This case stated was filed in the court of common pleas to obtain a judgment in that court upon the same facts that were passed upon by the orphans' court in the appeal of S. Wilson Fisher, just disposed of.   So far as it involved the questions decided in the orphans' court it was in effect a writ of error from the common pleas to that court, which is a sort of review not authorized by law.   With the decree of the orphans' court standing in full force, the construction of the will of Mrs. Mercer and the power of the board of managers to make a good title to the land sold by them were settled, and the obligation of the appellant to pay was clear.   The commonwealth exercises its visitorial and supervising powers through the orphans' court, under the provisions of the statute known as the Price act.   That court is therefore not merely a court of competent, but of exclusive jurisdiction, for the control and direction of managers and trustees in the use and disposition of property

belonging to incorporated charities. Its judgments are therefore conclusive upon the common pleas on the power of the managers to make a 'sale of the piece of real estate in question. There was no allegation of fraud in procuring the decree of the orphans' court, or in the making of the contract sued on, nor was there any hint of a defence upon any other ground than that which had been fully considered and determined in the orphans' court.

The learned judge of the common pleas had nothing else to do but to render a judgment in favor of the plaintiff, and the judgment so rendered is now affirmed.