BUTTS v. CLEVELAND, C., C. & ST. L. R. CO.

(Circuit Court of Appeals, Sixth Circuit. July 2, 1901.)

No. 942.

CARRIERS—INJURY TO PASSENGER—PROXIMATE CAUSE.

A passenger, notified that the car he was on was to be cut from the train, started forward, and as he was crossing to the next car the separation took place, and as he took hold of the doorknob of this car the brakeman called out, "Look out! Look out!" whereupon he, acting on a sudden impulse that there was danger in front, stepped back, and fell between the cars. *Held*, that neither want of time to get to the forward car nor the giving of the signal to "look out" was the proximate cause of the accident, but plaintiff's own act in stepping back from a position of safety; and hence he could not recover.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

The plaintiff sustained a severe personal injury while traveling as a passenger on the defendant's line of railway between Springfield, Ohio, and Cleveland, Ohio. At Gallion, an intermediate station, notice was given that the car, in which plaintiff was riding, would go no further, and that passengers must take seats in other cars. This notice seems to have been given while the movements necessary to cut the car out were being made. All of the passengers except the plaintiff moved into the car next in the rear, but plaintiff says that he was told that he had better go into the car next in front, as all of the seats in the rear car were occupied. He accordingly started forward, crossed the platform of both cars, and had his hand on the doorknob of the car in front, and was about to enter, when a brakeman on the same platform called out: "Look out! Look out!" Acting upon a sudden impulse, he instantly stepped backward, without looking. A separation had, in the meantime, occurred between the car he was on and that he had just left, and into the gap thus formed plaintiff unwittingly fell, and was badly hurt. The connection between these cars had been cut before plaintiff stepped from one to the other, but the separation was not made until he had reached the platform of the car into which he was going. Upon these facts the court below instructed the jury to find for the defendant in error.

Jones & Anderson, for plaintiff in error.
E. A. Foote, for defendant in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

The insistence for the plaintiff in error is that the plaintiff should

have been allowed to go to the jury both upon the question as to whether the railroad company had allowed him a reasonable time to change from one car to the other before cutting the train, and, second, whether it was not negligence, under the circumstances stated, for the trainmen to call out, "Look out! Look out!" without giving notice as to the danger he was called upon to guard against. The train was a fast through passenger train, composed of two sections, consolidated at Gallion. Undoubtedly, the plaintiff was entitled to a reasonable time to make the change from one car to the other. There was no fault alleged as to the manner of cutting this car out, or as to the movement of the train. The complaint is that the separation of the two cars should not have been made just at the time it was made. But the separation was not made until every passenger had left the car to be cut out, and after the plaintiff had, in fact, reached a place of safety upon the car in which he was to continue his journey. If, from his position at the door of the car, he desired to enter, he had been shaken or jostled off by some rough movement of the train, the complaint that he had not had time to get into the car and in his seat would have merit. The proximate cause of his fall was not, therefore, the want of time to get from one car to the other before the separation, but his own backward step after he had safely reached the door of the car he wished to enter. He says he did this as a consequence of the call to "look out," made by the brakeman who cut the cars apart; that his impulse was to step backward, in order to brace himself against an apprehended collision ahead. These two cars were connected by a vestibule. He was not, therefore, in danger from a movement to his right or his left. He was, in safety if he stood still, and might, in perfect security, have opened the door, and entered the car in front of him. The only danger was that he should step backward, and thus between the cars just separated. To warn him against this the trainmen called, "Look out! Look out!" It was intended to thereby advise him not to move without caution. If he had looked before moving, he would have seen the danger behind him. He acted upon a sudden impulse that there was danger in front. It is possible that, if no warning had been given, he would not have stepped backward, but would have opened the door, and entered the car in which he was to continue his journey. He did just what the trainmen intended he should not do, and made the only movement he could make attended with danger. That movement was the proximate cause of his hurt, and, unless such a movement might have been reasonably expected as a consequence of the warning given him, his accident was a blameless misfortune.

Counsel for plaintiff in error say that under the circumstances the most natural thing plaintiff could have done when thus warned was "to throw his foot back as a brace for whatever was to come," and that, if his movement was the most natural movement which he could make, it should have been anticipated that he would do that very thing, and that a warning given in such ambiguous terms was negligent. But such a warning should have been understood in the light of the circumstances known to the plaintiff. He knew the car he came out of was to be cut out. That meant separated from the

car he was about to enter. He knew he was the last man to leave that car, and could but know that the separation was likely to occur so soon as the car was empty. In charging the jury, Judge Clark, in respect to the probable effect of such a warning, and after saying that its meaning would depend upon circumstances, said:

"But a natural interpretation of it, it seems to me, is to attract the man's attention, and cause him, in fact, to look, and see what the trouble is, and then act in view of that. That is the purpose of any signal of warning, unless you go further, and state what you mean. If you say, 'Look out, the cars are backing!' or, 'Look out, the cars are separating!' or, 'Look out, the cars are about to collide!' of course, there would be no room for interpretation then. The man would know what was meant. But when you say, 'Look out!' the natural significance and the natural purpose of that is to put the man on guard, and cause him to be watchful, and to look quickly, and see what the trouble is, and govern himself accordingly. If Mr. Butts had looked to see what the trouble was, he would, of course, necessarily have discovered that the cars were open behind him. When we speak of what men might do, they might act differently. One man might have pushed the door open quickly, and rushed into the car. That would have seemed to be the rational thing to protect himself. Another might have run down the steps, and jumped off. Another might have stood perfectly still, and held to the door-knob. Another might have looked out to see what the trouble was, and, seeing it, acted in view of that trouble. But was it actionable negligence for the company, when the cars were separated, to say, 'Look out!'? If they had said nothing at all, and the man, for any reason, had not gotten into the door, stepped back, and fell, might it not have been said that it was negligence not to give warning,—not, in other words, to put the man on guard that there was danger close to him, when those cars had become separated? Is, then, the signal that was given, or the warning, 'Look out!' the proximate cause of this injury? Or, if neglect at all, to state the proposition in another form, was the injury which resulted the natural and probable consequence of such an act of negligence? The railroad company owes to its passenger the highest degree of care and skill for his safety. It is above what is ordinary: but it is not an insurer of the life of the passenger. It is not required to anticipate or to guard against an injury which is not the natural and probable result of an act that is alleged to be negligent, apart from the question whether the act is in itself negligent or not."

When an act complained of as the proximate cause of injury to another is not in itself wanton, and the result is not that which might reasonably have been anticipated as a natural and probable effect, there is no actionable negligence. Railway Co. v. Kellogg, 94 U. S. 469, 475, 24 L. Ed. 256; Railway Co. v. Elliott, 5 C. C. A. 347, 55 Fed. 949, 20 L. R. A. 582; McGowan v. Railroad Co., 91 Wis. 147, 64 N. W. 891; Hoag v. Railroad Co., 85 Pa. 293; Railway Co. v. Taylor, 104 Pa. 306, 315; Cleveland v. Steamboat Co., 125 N. Y. 299, 26 N. E. 327. In Railway Co. v. Kellogg, cited above, it is said:

"But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

The signal given was intended to put the plaintiff upon his guard. It seems to us too plain for discussion that it could not be anticipated that the natural and probable consequence of such a warning would be to make the plaintiff in error do the very thing it was intended to warn him against. The whole matter occurred in an instant of time. The separation occurred just as the plaintiff crossed from one car to

the other. It was natural, when this was seen, that some signal should be given to put the plaintiff on his guard. As plaintiff had every reason to apprehend, under the circumstances, that the car he had left would be immediately cut out, it was not to be reasonably anticipated that he would so far misapprehend the warning given as to retrace his steps without looking to see whether the expected separation had not occurred. The trouble is, he did not use his head. He neither reflected nor looked about him. He did just what he ought not to have done, and took the only possible course attended with danger. The proximate cause of his injury was his own inconsiderate action,—action which could not have been reasonably anticipated as a consequence of the warning given. The facts were undisputed. The question of proximate cause, upon the facts we have stated, was a question of law. The judgment must be affirmed.