# Putney v. O'Brien.

1. **Practice in the Supreme Court: APPEAL: QUESTIONS RAISED BY.**
Where after judgment against one defendant the venue of the case was
changed as to the other defendant, and judgment rendered against him
in another court, from which he appealed, it was held that he could
raise no question on such appeal as to the judgment against his co-
defendant.

2. ——: ——: ADMISSION OF EVIDENCE. The admission of incompe-
tent evidence by the lower court is not ground for the reversal of a case
triable *de novo* in the Supreme Court.

3. **Intoxicating Liquors: DAMAGES FOR SALE OF: LIEN.** Facts con-
sidered which were held to support a judgment for damages on account
of injuries caused by the unlawful sale of liquors to plaintiff's husband,
and the establishment of a lien therefor against the property occupied
by the seller.

4. ——: ——: JUDGMENT. Where, in a joint action against several de-
fendants to recover for injuries caused by the sale of intoxicating liquors,
upon separate trials different judgments were rendered against the sev-
eral defendants, it was held that the satisfaction of one of such judg-
ments would discharge the remainder, but the plaintiff might elect which
she would enforce.

*Appeal from Crawford Circuit Court.*

Thursday, March 18.

Plaintiff recovered judgments against B. Quigley and
Charles Wilson for injuries sustained by her, on account of the
sale by the defendants of intoxicating liquors to her husband,
whereby she was deprived of his support and of his society.
O'Brien was made a defendant in the action, and the judg-
ments were declared to be a lien upon his real estate which
he leased to the other defendants, for the purpose of the illegal
sale of intoxicating liquors. He now appeals to this court.
The facts of the case appear in the opinion.

*Draper & Thornell,* for appellant.

*Read & Ellis* and *Anderson & Eaton,* for appellee.

BECK, CH. J.—I. The plaintiff brought the action in the District Court of Fremont county against Quigley, Wilson and Dowdy, to recover for the illegal sale of intoxicating liquors to her husband. O'Brien was made a defendant. Plaintiff alleges in the petition that the building occupied by the other defendant for the illegal sale of intoxicating liquors was owned by O'Brien, who had knowledge of and assented to the illegal traffic. A lien is claimed against the property for the amount of plaintiff's claim. At the first term judgment by default was rendered against Quigley, for $1,500; thereupon the venue of the cause was changed to Mills county.

*1. PRACTICE in the supreme court: appeal: questions raised by.*

O'Brien by motion asked to be permitted to defend for Wilson, on the ground that he was colluding with plaintiff and refused to make any defense, whereby O'Brien would suffer prejudice. The motion was supported by affidavits and was overruled. Judgment was rendered for $4,000, whether upon default or after defense made, the abstract does not show. The venue of the cause was again changed, and it was sent to Crawford county for trial as to O'Brien. His answer alleges that the judgments were obtained against Quigley and Wilson by collusion and fraud, and denies that they sold intoxicating liquors contrary to law, with his consent or knowledge. Other allegations of the petition are also denied.

Before the trial O'Brien moved the court to require plaintiff to elect upon which of the judgments she would rely, claiming that they were rendered for the same tort, and the satisfaction of one would discharge the other. The motion was overruled. The cause was tried in the court below upon written testimony, and is triable here *de novo.*

II. The first point made by the counsel of O'Brien is, that the court erred in overruling his motion for leave to defend for his co-defendant, Wilson. We cannot pass upon the question here raised. The ruling complained of was made in the trial of the issues of the case against Wilson, by the District Court of Mills county. That case is not before us for review,

and the regularity of the proceedings resulting in the judgment cannot be called in question in this case. No appeal was taken from that judgment, and it cannot be questioned except for fraud or upon the ground that it is void, for want of jurisdiction of the court rendering it. The objections now urged against it are based upon an alleged error, which may be corrected only by an appeal from the judgment itself. No such appeal was taken. The appeal in the case before us is from another judgment against a different defendant, and rendered in a different court. As the judgment against Wilson is not before us upon this appeal, we cannot review it for the correction of errors alleged to have been committed in the preliminary proceedings.

III.   A witness was permitted to testify, against defendant's objection, that the drunkenness of plaintiff's husband

2. ——:——:  was a matter of public conversation and notoriety.
admission of
evidence.     Admitting, as we do, that the evidence is incompetent it is not a ground for reversing the judgment in this case. The cause is tried here *de novo.* We will pass upon the competency of the evidence submitted to us, and if any part be found incompetent we will exclude it. The evidence in question, we think, is not competent and we exclude it from consideration in the determination of the case. The error of the court in admitting the testimony has no effect upon the decision of the case here, and is not a ground upon which defendant can claim a decree in his favor in this court.

IV.   Upon the testimony before us, we are clearly of the opinion that the plaintiff is entitled to a decree enforcing one of the judgments, as a lien upon the property of defendant O'Brien. The liability of the other defendants is settled by judgments against them. We are of the opinion that the record fails to support the defense pleaded by O'Brien, that these judgments were procured by the collusion and fraud of the other defendants and plaintiff. The evidence shows conclusively that plaintiff's husband did spend much of his time in drunkenness, caused by the drinking of intoxicating liquors

sold him by defendants, Quigley and Wilson, in a saloon rented to them by O'Brien. Their liability to plaintiff cannot be doubted. It is not shown that they failed to defend the action through the procurement of plaintiff, or through collusion with her. The judgments as to her cannot be regarded as fraudulent.

V. The testimony before us clearly shows that O'Brien assented to, and had knowledge of, the use of his property by the other defendants for the unlawful sale of intoxicating liquors. If he so assented, and had such knowledge, the judgments may be enforced as liens against the property. Code, § 1558. In his evidence he positively denies knowledge of the unlawful sale of intoxicating liquors by the other defendants, or that he assented thereto. This denial is, we think, overthrown by facts and circumstances established by the testimony beyond dispute. Some of these we will state: 1. Intoxicating liquors were illegally sold in defendant's building. 2. The traffic had been continued for many months. 3. Disorder and quarreling occurred in the saloon from the drunkenness of its patrons. 4. The saloon was in a building used as a hotel which was kept by O'Brien for a part of the time, during which plaintiff's husband resorted there to procure intoxicating liquors, and during the rest of the time O'Brien lived in the hotel. 5. He had charge of, and looked after the whole building including the saloon, for the purpose of keeping it in repairs. 6. He is shown to have daily passed the door of the saloon, and sometimes to have entered it. 7. The purpose for which the room was used seems to have been generally known. In view of the facts and circumstances, it is impossible to believe that O'Brien was ignorant of the illegal sale of intoxicating liquors in the building; and did not assent thereto. No other conclusion can be reached than that he did know, and did assent to the unlawful traffic.

VI. It is urged that the court below erred, in not requir-

ing plaintiff to elect upon which judgment she would rely in the proceeding to enforce the lien against O'Brien, $\frac{4}{judgment}$ : ____ : and in rendering a decree enforcing both.

The plaintiff in her petition declares against Wilson, Quigley and Dowdy jointly, and seeks to recover damages against all jointly. She neither alleges a separate tort, nor asks for separate damages, nor could she properly do so, nor could the court have properly rendered separate judgments for separate torts in this action. There is nothing in the record to support the position that the separate judgments were rendered for separate torts. We must, therefore, regard the judgments as being for the same tort. It is well settled that separate judgments against different defendants for the same tort cannot all be enforced. The satisfaction of one discharges the other. In such a case the plaintiff may elect which judgment he will enforce; the other, when the judgment enforced is satisfied, will be regarded as discharged. *Turner v. Hitchcock*, 20 Iowa, 310; *Bell v. Perry & Townsend*, 43 Iowa, 368; 1 Waterman on Trespass, section 119; 2 Hilliard on Torts, pp. 229, 230; Freeman on Judgments, section 236.

The proceeding against O'Brien is to enforce plaintiff's judgments, by declaring them liens upon his property. The decree of the court below is suspended by the appeal, and plaintiff obtains the relief sought, by the decree authorized by this court, which will provide that the judgment she may elect will be enforced as a lien against O'Brien's property. The other will be treated as satisfied. The plaintiff may elect to enforce the larger judgment, and may recover all her costs in both cases. Hilliard on Torts, pp. 329, 330; Waterman on Trespass, section 119.

The cause will be remanded for a decree in accord with this opinion, or if plaintiff so elect a decree may be entered in this court. MODIFIED AND AFFIRMED.

A motion to strike a part of the abstract, made by plaintiff, need not be passed upon in view of the disposition we make of the case.