# Sherwood *versus* Yeomans.

1. Where a cause has been settled by consent of the parties, and is so marked on the record, the court cannot at the instance of the plaintiff disregard that settlement and oblige the defendant to proceed to trial.

2. Where the defendant objecting to and protesting against said trial, nevertheless takes part therein, and adduces evidence on his own behalf, he will not be estopped on error from setting up the irregularity of the proceeding.

3. The fact that there is evidence adduced on such a trial showing that the plaintiff has been laboring under a mistake at the time of the settlement does not validate the proceedings of the court.

June 20th 1881. Before SHARSWOOD C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Common Pleas of *Potter county:* Of May Term 1881, No. 55.

This was an action of assumpsit by Titus Yeomans against

[Sherwood *v.* Yeomans.]

William C. Sherwood on a book account. Pleas non assumpsit, payment, and set off with leave, &c.

The case being called for trial on March 4th 1879, the parties filed the following paper, entitled in the cause :—

" This cause is settled as follows : The defendant gives plaintiff a note for twelve dollars and forty cents on ninety days' time and each party to pay his own and all costs made by him.                                        TITUS YEOMANS,
                                        WILLIAM C. SHERWOOD."

And the judge marked upon the trial list : ".Settled as per writing filed."

Plaintiff, however, put the cause on the trial list again, and on September 17th 1879, it was again called for trial before WILSON, A. L. J. Defendant protested against the empannelling and swearing of a jury, on the ground that the record showed that there was no cause pending in court between the parties. The court (WILSON, A. L. J.) nevertheless caused a jury to be empannelled and sworn.

.Defendant then objected to the introduction of any testimony in the case. Objection overruled, and witnesses called for the plaintiff. Exception.

Plaintiff then offered in evidence a certain contract made between himself and the defendant. Defendant objected on the ground that it was irrelevant and incompetent to prove the items that were omitted at the time of the settlement between the parties, and because the declaration did not claim for items or money omitted by mistake at settlement and gave defendant no notice of any such claim. Objection overruled. Evidence admitted. Exception.

Plaintiff further testified himself that when settling the case with defendant he had withdrawn with him into the jury room, and that there they had looked into their accounts against each other. The circumstances he described as follows : " We took down the footings, his on one page and my account over his ; my account against Sherwood was over $900, not much over ; his was short of that ; only $12.65, I think it was ; S. note was drawn for the balance : I think this is the note dated March 4th 1879, $12.65 ; that was the day we settled, I think the amount was not there by a good deal ; it was not an hour after I discovered the mistake."

The defendant cross examined the plaintiff's witnesses and also adduced evidence himself going to show that the balance ascertained against him at the time of the settlement was correct.

The court charged, inter alia, as follows : " The court in-

struct you that if the parties made a mistake in the settlement, that you may ascertain from the evidence what, if any, item or items were omitted, and if you find that the items omitted in that settlement would result in a balance in favor of the plaintiff you may so find and return the same in a verdict for the plaintiff."

Verdict for the plaintiff in the sum of $99.86 and judgment thereon. Defendant thereupon took this writ, assigning for error, inter alia, the empannelling and swearing of the jury, the admission of testimony in the cause, and the portion of the charge of the court above cited.

*Olmsted* and *Larrabee*, for the plaintiff in error.—The record showed that the suit had been terminated by the act of the parties. There was, therefore, nothing at issue. The record could not be contradicted: Berks & Dauphin Turnpike Co. *v.* Hendee, 11 S. & R. 123; Marsh *v.* Pier, 4 Rawle 288; Cist *v.* Zeigler, 16 S. & R. 282; Adams *v.* Betz, 1 Watts 425; Hess' Executors *v.* Heeble, 6 S. & R. 57; Hoffman *v.* Coster, 2 Wharton 468; Withers *v.* Livezey, 1 W. & S. 435; Selin *v.* Snyder, 7 S. & R. 170; Bellas *v.* McCarty, 10 Watts 24; Wilkins *v.* Burr, 6 Binn. 389. If mistake in making the settlement was averred, the proper course was to have the record amended and the settlement set aside.

The plaintiff in error is not estopped from setting up this irregularity by reason of his having cross-examined witnesses and adduced evidence on his own behalf: Fisher *v.* Longnecker, 8 Barr 410; Coleman's Appeal, 25 P. F. Smith 460.

*Elliott* and *Cobb*, for the defendant in error.—The settlement was signed by defendant in error through mistake. This was decided by the jury. It was therefore void and is to be disregarded.

Plaintiff in error is at any rate precluded from questioning the propriety of trying the case by reason of his active participation in the trial.

Mr. Justice TRUNKEY delivered the opinion of the court, October 3d 1881.

When this cause was reached for trial on March 4th 1879, the parties filed a paper showing the terms of its settlement, the court noted on the trial list, " Settled as per writing filed," and the settlement was properly entered in the record. That the suit was thereby ended is too plain for argument.

In September following, at the instance of the plaintiff, the case as if still pending was called for trial, whereupon the defendant objected to the empannelling of a jury for the reason

[Sherwood *v.* Yeomans.]

that the suit had been determined; he next objected to the introduction of testimony, for the same reason; he finally asked the court to charge that the record showed that the cause had been settled and that the proceeding subsequent to the settlement was without authority of law. These objections and request evidence the absence of consent to go to trial, or of acquiescence by the defendant. The plaintiff (defendant in error) cites no authority in support of the position that a discontinuance, or nonsuit, or settlement of a cause, allowed by the court, while the same remains of record, may be treated by one of the parties and the court as a nullity. If one party attempts to so treat it, the other, who all the time objected and protested against further proceeding, will not be estopped from claiming relief in this court, although he endeavored to prevent a verdict and judgment against himself where no suit was pending.

There was no issue for trial. The issue which had been raised in the pleadings was settled. This the record verified. No groundwork had been laid upon which there could have been a trial or inquiry of the question, whether there was fraud or mistake in the settlement. Taking the record as it stands there was nothing between these parties to warrant a trial or investigation in any form.

Judgment reversed.