PARROTT McDONALD v. JOHN O. NUGEN, Appellant.

**Joint Tort Feasors:** SEPARATE ACTIONS: PAYMENT TO CLERK: BAR.
Payment to the clerk of the court of a judgment against one
of two joint tort feasors, sued separately, which is not ac-
cepted by the plaintiff, is not a bar to the prosecution of the
action against the other.

*Appeal from Henry District Court.*—HON.   JAMES   D.
SMYTH, Judge.

THURSDAY, DECEMBER 18, 1902.

THE plaintiff sued the defendant and another separately
for a joint tort.   The other case was first tried, and a
judgment rendered for the plaintiff, which was voluntarily
paid by the defendant therein to the clerk of the district
court where rendered.   The clerk had received no author-
ity from the plaintiff to accept the payment of the judg-
ment and costs for him.   Nor did the plaintiff accept same
from the clerk.   The defendant pleaded the payment of
the judgment against his joint wrongdoer as a bar to the

further prosecution of this action against him. A demurrer to this branch of the answer was sustained, and a trial had, which resulted in a verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*Palmer & Kopp* for appellant.

*Francis W. Walters, Babb & Babb,* and *Seerley & Clark* for appellee.

Sherwin, J.—The only question for determination is whether the voluntary and unsolicited payment of the judgment against the defendant's joint wrongdoer was such a satisfaction for the plaintiff's injury as to bar this action. It is the settled law of this state, as it is in most of the states, that, if several persons jointly commit a tort, the plaintiff may sue for his injury jointly or separately, as he may elect. The principle upon which the rule is based is that a tort is, in its nature, the separate and independent act of each wrongdoer, and because thereof each is liable for the entire wrong done. *Turner v. Hitchcock,* 20 Iowa, 310; Cooley on Torts, 138. It is also the universal rule that the plaintiff can enforce only one satisfaction for the same injury. *Metz v. Soule,* 40 Iowa, 236.

This brings us to the question of what is the legal satisfaction contemplated by the rule above noticed. The authorities generally hold that the plaintiff may prosecute separate actions against joint wrongdoers to final judgments if in the meantime he has not received satisfaction for the injury from any source (Cooley on Torts, 138), and that he may elect which judgment he will enforce for his satisfaction (*Putney v. O'Brien,* 53 Iowa, 117; Cooley on Torts, *supra.*) Following these rules to their final analysis, it is evident that the satisfaction which the law says shall bar further recovery must be such as shall be voluntarily accepted by the plaintiff. Otherwise, one joint wrongdoer, or all of them acting in concert through the

one, or the clerk, might in fact exercise the election which the law says the plaintiff has the right to make, and thus defeat the very object of the rule giving the plaintiff the right to maintain separate actions, and to prosecute them to final judgments.   *Blann v. Crocheron*, 20 Ala. 320.

It is well said in the last case cited: "Were the law otherwise, it would enable joint trespassers who were sued separately to hasten the trial of the one lesser guilty among them, and, by satisfying in the clerk's office the damages against him, to free themselves from all responsibility for their own greater guilt.   In fact, it would change the rule which gives the right of election in such actions to the plaintiff, and bestow it upon the defendant. To determine the plaintiff's right to elect, he must act." In Cooley on Torts, 138, it is said:   But as the plaintiff "can claim or enforce only one satisfaction for the same injury, he must elect against which of the several he will proceed to execution for the satisfaction of his damages. If the several assessments vary in amounts, he may elect to take the larger sum, or, if the defendants be not all solvent, he may elect to proceed a ainst the solvent party." The same principle is recognized in *Society v. Underwood*, 11 Bush, 265, 21 Am. Rep. 214.   Nor does the defendant suffer any hardship by thus denying him the privilege of making the election for the plaintiff.   All that he may demand is that but one compensation shall be received for the injury; and this, such as the plaintiff shall elect to receive, and from the wrongdoer from whom he shall elect to receive it.

In a criminal prosecution for a joint wrong, the state may compel each wrongdoer to pay a penalty for his act, for it is as much offended against whether the crime is committed by one or by a dozen; and, in our judgment, one who engages in a joint civil trespass has no special claim to consideration.   The limit to the plaintiff's recovery is fixed by his individual right to full compensation for

his injury, and for nothing more, and is not based upon consideration for the defendant. It is true that the payment of a judgment to the clerk of the court in which it is rendered is authorized, and that such payment will be a satisfaction thereof, so far as the judgment debtor is concerned; but there is a wide difference between the satisfaction of a judgment of record, which operates to bar further proceedings against the judgment debtor, and the accord and satisfaction which will bar proceedings against his joint wrongdoer.

In the first case the defendant has done no more than the law requires him to do, though it may have been done without the solicitation or consent of the plaintiff; nor was such consent on the part of the plaintiff necessary to the protection of the defendant. In the latter case the satisfaction must be such as is acceptable to the plaintiff as the final termination of his right of action against all of the joint wrongdoers, and it must of necessity be a satisfaction to which he has agreed, either expressly or impliedly, because an accord and satisfaction can never be other than mutual. In other words, he cannot be deprived of his right of election against the wrongdoers, except on account of some act of his own. 1 Cycl. Law & Proc. 311. The case of *Bryant v. Reed* (Neb) 52 N. W. Rep. 694, cited and relied upon by the appellant, does not, in our judgment, hold contrary to the views herein expressed, for the precise question under consideration here does not seem to have been discussed in that case.

The judgment is right, on principle and authority, and it is AFFIRMED.