## Myers et al. *v.* Crick, Appellant.

*Decedents' estates—Orphans' court sales—Price Act—Decree unappealed from—Collateral attack—Trusts and trustees—Restriction on sale—Will—Act of June 7, 1917.*

1. Orders of tribunals of competent jurisdiction, unappealed from, cannot be collaterally attacked in proceedings in other courts.

2. A decree of the orphans' court directing a sale of land under the Price Act of June 7, 1917, P. L. 388, unappealed from, cannot be attacked subsequently in a collateral proceeding in the common pleas.

3. A decree directing such sale is a conclusive adjudication of everything necessarily considered and determined in reaching the conclusion.

4. It seems that land given by a testator to a charity and directed never to be sold, may, under changed circumstances and under a proper decree, be sold in proceedings under the Price Act.

Argued May 24, 1921. Appeal, No. 21, May T., 1921, by defendant, from judgment of C. P. Dauphin Co., March T., 1921, No. 241, for plaintiffs on case-stated, in suit of C. W. Myers and Clara Myers v. A. B. Crick. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Case-stated in assumpsit to recover purchase price of land. Before WICKERSHAM, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiffs for $1,550. Defendant appealed.

*Error assigned* was judgment, quoting it.

*Maurice R. Metzger*, with him *David M. Wallace*, for appellant.—A testator may under certain circumstances prevent the alienation of land which he devised to charity: Griffitts v. Cope, 17 Pa. 96; First Methodist Episcopal Church v. Public Ground, 103 Pa. 608; Seif v. Krebs, 239 Pa. 425; Franklin Street Church's Petition, 249 Pa. 275; Mercer Home, 162 Pa. 232; Burton's App., 57 Pa. 213; Funck's Est., 16 Pa. Superior Ct. 434.

Prior decisions and long continued recognition thereof settled the issue at bar against a sale of the fee-simple title: Brown v. Hummel, 6 Pa. 86.

*John R. Geyer*, for appellees.—A restraint of alienation following a devise of real estate for charitable pur-

poses yields, if its enforcement is against the best interests of the charity and of the public interested therein: Kerlin v. Campbell, 15 Pa. 500; Seebold v. Shitler, 34 Pa. 133; Mercer Home, 162 Pa. 232; Franklin St. Church's Petition, 249 Pa. 275; Funck's Est., 16 Pa. Superior Ct. 434.

. Under the Price Act and the Revised Price Act the court has the authority to order the sale of real estate held for charitable uses if convinced that it is for the best intersts of the estate, even in the face of a positive prohibition in the grant or devise: Phila. v. Girard's Heirs, 45 Pa. 9.

OPINION BY MR. JUSTICE SADLER, July 1, 1921:

George Frey died in 1806, having made provision in his last will for the establishment of an orphans' home, and its permanent maintenance. He devised considerable land to trustees for this purpose, and directed that no part of the estate should "ever [thereafter] be sold or in any manner severed from the orphan house, but that it [should] remain united thereto whole and undivided forever." The building was in process of erection at the time of his death, but the location was changed before its completion, and a different structure was built. Many years later the site of the building was again changed by authority of the Orphans' Court of Dauphin County: Frey's Estate, 2 Pearson 142. By special act of assembly and orders of court, portions of the land originally owned by the testator were leased on ground rent. One remaining tract is located in the Borough of Middletown, and severed from the orphans' home as now placed. An application was made to the court for leave to sell it, and, after due and regular proceedings, a decree was made directing that it be divided into lots and disposed of; from the order so made no appeal was taken.

A purchaser of one of the tracts refused to accept the deed tendered and pay the purchase price, and this pro-

ceeding was instituted to recover the amount bid. The contention is made that the restraint on alienation appearing in the will of Frey made impossible a legal order of sale of any of the lands devised by him in trust. Since the judgment in this case must be affirmed on other grounds, an extended discussion of the question raised is unnecessary. It is sufficient to say that appropriate legislation is found in the Price Act of 1853, as revised in 1917 (Act April 18, 1853, P. L. 503; Act June 7, 1917, P. L. 388), by which land may be unfettered when such a restriction has been attempted, and changed conditions make such a course advisable, so long as the proceeds of the sale are held upon the same trust. It must be found, of course, that the sale will not prejudice the "trust, charity or purpose" for which the same is held, and that it can be made without violation "of any law conferring an immunity or exemption from sale or alienation." "The prohibition of sale here does not arise from any statute, from the nature of the property or of the trust upon which it is held, nor from any inherent limitation in the power of the trustee, but rests, so far as it exists at all, on the directions of the testator": Brock v. Steel Co., 203 Pa. 249; Foulke on the Price Act 36. Orders to sell, made in appropriate cases, and under circumstances similar to those found here, have been frequently approved in Pennsylvania: Burton's App, 57 Pa. 219; Seif v. Krebs, 239 Pa. 425; Mercer Home, Fisher's App., 162 Pa. 232; Franklin Street Church's Petition, 249 Pa. 275.

This appeal cannot be sustained, however, for another reason. The order of the orphans' court was made after full compliance with the requirements of the acts controlling such proceedings. Even if there be error in the procedure, protection is granted to purchasers (Price Act, June 7, 1917, P. L. 388, section 8). A decree directing the sale is a conclusive adjudication of everything necessarily considered and determined in reaching the conclusion: Brock v. Steel Co., supra; Grubb v. Galloway, 203 Pa. 236. Unappealed from, the order made

cannot be reviewed in the court of common pleas, as now attempted. What this court said in Mercer Home v. Fisher, 162 Pa. 239, under like conditions, applies with full force here: "The Commonwealth exercises its visitorial and supervising powers through the orphans' court, under the provisions of the statute known as the Price Act. That court is, therefore, not merely a court of competent but of exclusive jurisdiction, for the control and direction of managers and trustees in the use and disposition of property belonging to incorporated charities. Its judgments are, therefore, conclusive upon the common pleas on the power of the managers to make a sale of the piece of real estate in question. There was no allegation of fraud in procuring the decree of the orphans' court, or in the making of the contract sued on, nor was there any hint of a defense upon any other ground than that which had been fully considered and determined in the orphans' court." Orders of tribunals of competent jurisdiction, unappealed from, cannot be collaterally attacked in proceedings in other courts: McClain's Estate, 180 Pa. 231; Moxham & Ferndale Bridge Co. v. Cambria County, 270 Pa. 494. Such has been attempted by the defendant in this case, and it is therefore obvious that the proper judgment was entered in the court below. The assignment of error is overruled.

The judgment is affirmed.