# Commonwealth ex rel. Tucker, Appellant, *v.* Tucker.

*Practice—Discontinuance—Habeas corpus—Dismissal.*

A discontinuance, in strict law, must be by leave of the court, but it is the universal practice in Pennsylvania to assume such leave in the first instance, subject to its withdrawal on cause shown. Discharge of a rule to strike off a discontinuance is equivalent to a grant of leave to discontinue. Dismissal, by the court, of a writ of habeas corpus, after a discontinuance by the parties, turned them out of court. A decree entered three weeks after the court had dismissed the writ was without authority of law.

*Domestic relations—Parent and child—Custody—Jurisdiction.*

The mere fact that the parents of a child have unfortunate differences concerning its custody, and have, by writ of habeas corpus, invoked the jurisdiction of a court, does not invest the court with jurisdiction to interfere with family arrangements after it has dismissed the writ, without entering any decree as to the custody of the child.

Argued October 19, 1921. Appeal, No. 225, Oct. T., 1921, by relator, from decree of Municipal Court of Philadelphia, Feb. T., 1921, No. 719, in the case of Commonwealth ex rel. Richard Kemble Tucker, by his next friend, John Tucker, v. Virginia Kemble Tucker. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Habeas corpus for possession of Richard Kemble Tucker, a minor. Before BROWN, P. J.

The facts are stated in the opinion of the Superior Court.

After the petition had been withdrawn and the proceedings discontinued, the court dismissed the writ.

20    COMMONWEALTH ex rel. TUCKER *v.* TUCKER.

Statement of Facts—Opinion of the Court. [78 Pa. Superior Ct.
Subsequently, a decree was filed awarding custody of the child.    Relator appealed.

*Errors assigned* were the decree of the court, entering a decree after discontinuance, and rulings on evidence.

*John C. Bell, Jr.,* of *Bell, Kendrick, Trinkle & Deeter,* for appellant.—Where proceedings are discontinued and the writ dismissed, there is nothing before the court, and it cannot of its own motion enter a decree: Sherwood v. Yeomans, 98 Pa. 453; Commonwealth v. Magee, 224 Pa. 166.

Where parents enter into an agreement for the care and custody of their child, the burden is on the party claiming custody in disregard thereof to prove an abuse or breach, or to prove that the interests of the child require it to be altered: Com. v. Gilkeson, 1 Phila. 194; Com. ex rel. Hawk v. Hawk, 73 Pa. Superior Ct. 409; Com. ex rel. v. Tweedy, 74 Pa. Superior Ct. 577.

*Frank Smith,* for appellee.—The great object of the writ of habeas corpus is to free the person from illegal restraint; that being done, the court may proceed further or not as the circumstances may require: Com. v. Addicks and wife, 5 Binney, 520 and 2 S. & R. 174.

The appellate court will not reverse or interfere with the finding of the court below in the exercise of its discretion if there was evidence to sustain such finding: Hand's Case, 266 Pa. 277; Com. ex rel. v. Betts, 76 Pa. Superior Ct. 96; Com. ex rel. Koutsoumbos v. May, 77 Pa. Superior Ct. 40.

OPINION BY PORTER, J., December 12, 1921:

The relator and the respondent are the parents of Richard Kemble Tucker, aged nine years, but were living apart and had been divorced.    The parents had entered into a written agreement as to the custody of the child, the terms of which they had faithfully observed for one

year, when the respondent refused to return the child to his father upon the expiration of one of the periods during which, according to the terms of the agreement, the child had been in her custody. The relator, on February 24, 1921, procured a writ of habeas corpus, to enforce his alleged right to the custody of his son. Hearings were held in the court below at which a considerable amount of testimony was taken, and upon the conclusion of the hearings, on April 6, 1921, the court below reserved its decision. The court made no order and nothing further was done until June 20, 1921, when the relator filed of record a paper withdrawing the petition and discontinuing the proceeding, and, on July 1, 1921, the court made the order "Writ of habeas corpus dismissed." This was the state of the record when the court, on July 21, 1921, entered a decree awarding the custody of the minor to the relator for one and a half months, and to the respondent for ten and a half months of each year. The relator appeals and assigns the making of this decree for error.

"A discontinuance in strict law must be by leave of the court, but it is the universal practice in Pennsylvania to assume such leave in the first instance......In England this leave is obtained on motion in the first instance, and here it is taken without the formality of an application, but subject to be withdrawn on cause shown for it......The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion and usually involve some unjust disadvantage to the defendant or to some other interested party, such as a surety": Consolidated National Bank v. McManus, 217 Pa. 190; Com. v. Magee, 224 Pa. 166. That the discharge of a rule to strike off a discontinuance is equivalent to a grant of leave, was expressly decided in the cases cited. Those decisions rule this case; the dismissal of the writ of habeas corpus certainly put an end to the proceeding as effectually as would the discharge of a rule to strike off the discon-

tinuance. The dismissal of the writ turned the parties out of court, leaving them in the same position they would have occupied if the writ had never issued, and the decree which the court attempted to enter three weeks later was without authority of law: Sherwood v. Yeomens, 98 Pa. 453. This child was not within any of the classes subject to the jurisdiction of the juvenile court, and this appeal does not come from that court. The mere fact that the parents of a child have unfortunate differences concerning its custody and have by writ of habeas corpus invoked the jurisdiction of a court does not involve investing the court with jurisdiction to interfere with family arrangements after it has dismissed the writ of habeas corpus without entering any decree as to the custody.

The decree is reversed and it is ordered that the respondent pay the costs of this appeal.