HOADLEY v. GAFILL OIL CO.

1. JUDGMENT—BINDING UNTIL SET ASIDE—COLLATERAL ATTACK.
   A judgment rendered by a court having jurisdiction of the parties and of the subject-matter is binding until set aside in a direct proceeding brought for that purpose, and is not subject to collateral attack.

---
[1]Judgments, 34 C. J. § 815.

2. SAME — RES ADJUDICATA—INFANTS — COMPROMISE AND SETTLE-
MENT.

 Where a guardian for an infant was appointed by the pro-
bate court and a settlement of the infant's claim for per-
sonal injuries was effected, and judgment by consent was
entered and paid by defendant, an action by the infant,
by next friend, for the same injury, could not be main-
tained; the former judgment being *res adjudicata* of the
questions involved.

3. SAME—SATISFACTION—JOINT TORT-FEASORS.

 As a plaintiff can have but one satisfaction for a joint
wrong, if he recovers a judgment against one of the tort-
feasors and obtains satisfaction, this operates as a dis-
charge of the others.

4. COURTS—ACTION NOT TRANSFERRABLE TO EQUITY SIDE OF COURT
WHERE DOCTRINE OF RES ADJUDICATA APPLICABLE.

 An action at law which could not be maintained because
a former judgment is *res adjudicata* of the questions in-
volved, may not be transferred to the equity side of the
court under the provisions of 3 Comp. Laws 1915, § 12351;
said statute not being applicable under the circumstances.

Error to Cass; Warner (Glenn E.), J.    Submitted
October 5, 1927.    (Docket No. 30.)    Decided De-
cember 1, 1927.

Case by Helen Hoadley, an infant, by her next friend,
against the Gafill Oil Company and another for per-
sonal injuries.    From an order granting a motion to
dismiss, plaintiff brings error.    Affirmed.

*Walter C. Jones,* for appellant.

*Clarence M. Lyle* and *Shively, Gilmer & Arnold,* for
appellees.

McDONALD, J.    This action was brought to recover
damages for personal injuries received from fire
alleged to have been caused by an explosion of kerosene
sold by the defendants.    Helen Hoadley is an infant.

[2]Judgments, 34 C. J. § 1408; [3]Id., 34 C. J. § 1404; [4]Courts, 15
C. J. § 606; Trial, 38 Cyc. p. 1291.

She was injured on July 8, 1924. On March 30, 1925, she settled her claim for damages with the Gafill Oil Company for $1,000. In the settlement agreement, which was reduced to writing, she was represented by her father, Harrison Hoadley, and her brother, Glenn Hoadley. It was agreed that she should apply to the probate court for the appointment of a guardian, who, when appointed, should cause a suit to be begun in the circuit court against the defendant and that the defendant would consent to the entry of a judgment against it for $1,000, and would pay the same. The father, Harrison Hoadley, was appointed guardian of the plaintiff and duly qualified. The settlement agreement was fully carried out; suit was begun; judgment for $1,000 was obtained and was paid and discharged by the defendant. On March 26, 1927, the present suit was begun involving a claim for damages for the same injury as that for which judgment had been entered in the former suit. No motion was made to set aside the former judgment and no reference was made to it in this declaration. It came into the case with defendants' plea in which the facts were alleged and the claim made that the former judgment was *res adjudicata* of the matters averred in the plaintiff's declaration. On this ground the defendants subsequently filed a motion to dismiss. The circuit judge granted the motion and entered an 'order of dismissal. The plaintiff has brought error.

It is the contention of counsel for the plaintiff that the former judgment is not binding on her because it was entered by the court without an investigation of the facts and without any knowledge as to whether the settlement on which it was based was fair and just. In support of this contention, he cites *Dudex* v. *Sterling Brick Co.,* 237 Mich. 470; *Palazzolo* v. *Judge of Superior Court,* 234 Mich. 547; and *Metzner* v. *Newman,* 224 Mich. 324 (33 A. L. R. 98). These cases

might be applicable if this proceeding were a motion to set aside the judgment. The trouble with counsel's argument is that it is all directed to a collateral attack on the former judgment. That judgment was rendered by a court having jurisdiction of the parties and of the subject-matter. It is binding until set aside, and it can only be set aside in a direct proceeding brought for that purpose. The circuit judge correctly held that the judgment rendered in the former case was a bar to the plaintiff's recovery in this suit.

It is also argued by the plaintiff that, as the defendant Sigmond Patz was not a party to the former suit, he is not released by the judgment rendered in that case.

The plaintiff is here suing for the same wrong and on the same facts as were involved in her previous suit in which she obtained judgment which has been satisfied by payment. Her theory in this suit is that the defendants were joint wrong-doers.

"As a plaintiff can have but one satisfaction for a joint wrong, if he recovers a judgment against one of the tort-feasors and obtains satisfaction, this operates as a discharge of the others." 34 C. J. p. 982, § 1404.

Counsel concludes his argument with the request that if the judgment be reversed this court direct that the case be transferred to the chancery side of the court under the provision of section 12351, 3 Comp. Laws 1915. That statute has no application to the situation presented by this record.

The judgment is affirmed, with costs to the defendants.

SHARPE, C. J., and BIRD, FLANNIGAN, FELLOWS, WIEST, and CLARK, JJ., concurred.

The late Justice SNOW took no part in this decision.