## Dove v. Thomas

*Waychoff & Thompson*, for plaintiff.
*Harold Hamner*, for defendant.

SAYERS, P. J., April 22, 1935.—The transcript filed in this case shows that a summons in assumpsit was issued by Edward R. Patterson, a justice of the peace in the Borough of Waynesburg, Greene County, Pennsylvania, at the instance of Joseph A. Dove, as plaintiff, and duly served on George Thomas, the defendant, who appeared with his counsel at the time fixed for a hearing and filed a written suggestion to the effect that the same plaintiff had already sued the same defendant for the same cause of action before Justice Louis J. Markiz of Monongahela Township, Greene County, Pennsylvania, in assumpsit for breach of contract, and obtained a judgment against the defendant for $90; that a certiorari was issued, directed to the said Justice Markiz at no. 195, September

term, 1930, and duly served; that the record was filed in the court of common pleas at said number and term, and exceptions thereto filed by George Thomas, the defendant, who had obtained the writ of certiorari. The suggestion further sets forth that exceptions were filed to the record of Justice Markiz, and the petitioner, George Thomas, obtained a rule on Joe Dove to show cause why the judgment before Markiz should not be reversed, and judgment entered of record for the petitioner; and the case had been set down for hearing by this court of common pleas on the argument list, and was pending at the time this suit was brought before Justice Patterson. To the defendant's suggestion of lis pendens, the plaintiff replied that the suit commenced before Justice Markiz, and all proceedings thereon, had been withdrawn and discontinued, and the costs paid and receipted for of record.

The cause of action was the same in both cases. It concerned a contract relating to an agreement to pay for certain walnut timber and lumber cut by the defendant on the premises of the plaintiff.

Justice Patterson, disregarding the suggestion of the suit pending before Justice Markiz, and the certiorari thereon in the Court of Common Pleas of Greene County at no. 195, September term, 1930, proceeded to a hearing and entered a judgment in favor of the plaintiff and against the defendant for $50.68, and costs of suit.

The defendant filed his petition, affidavit and recognizance, and obtained a writ of certiorari directed to the said Edward R. Patterson, justice of the peace, who made a return thereon to this court of the transcript and record in the case before him. George Thomas, the defendant, filed the following exceptions to the record of Justice Patterson:

1. Edward Patterson, the justice of the peace before whom said case was heard and judgment rendered, had no jurisdiction in the premises.

2. The said justice of the peace committed error in overruling the motion made by counsel for plaintiff in error raising questions of jurisdiction, said motion being attached to and made part of the record of the said justice.

3. Said justice entertained jurisdiction, and after public hearing rendered judgment, despite the fact that it was called to his attention at the time that the same cause of action between the same parties was pending in the Common Pleas of Greene County, Pennsylvania, at no. 195, September term, 1930, for final determination, on a writ of certiorari, and the same is still pending and undetermined by the court.

4. The discontinuance of the case in the Common Pleas of Greene County, Pennsylvania, at no. 195, September term, 1930, entered by counsel for Joseph Dove defendant in error, was irregular, because it was done without leave of court first obtained.

Immediately after filing the foregoing exceptions, the defendant obtained a rule on the plaintiff to show cause why the judgment rendered by Patterson, the justice of the peace, should not be reversed and the proceedings dismissed. To this rule, Joe Dove, the plaintiff, filed an answer, admitting that in the previous suit at no. 195, September term, 1930, the discontinuance of that suit was entered by counsel without leave of the court, and before the hearing in the second suit, and claiming that the discontinuance was done with the consent of counsel for the defendant, and that the defendant is estopped from setting up the defense of lis pendens. The answer further sets up that the defendant was not harmed or prejudiced by the discontinuance, which was made without the formality of application to the court, and subject to be withdrawn on cause shown, and the plaintiff also avers that the questions raised in this certiorari are not such questions of law as can be raised thereon because the matters assumed as errors therein do not appear

from the record of the action which is the subject of this certiorari.

The last answer of the plaintiff is that the return day of the rule, upon which the certiorari was issued, was fixed as of the first Monday of July, when it should have been returnable to the term, and for that reason avers that the rule should be discharged at the cost of the defendant.

No briefs were filed in this case. An examination of the statutes relating to certiorari does not disclose any fixed time at which a certiorari should be returned, either at term time or some intermediate return day. Article v, sec. 10, of the Constitution of Pennsylvania, does not fix any time for the return of the writ. Section 21 of the Act of March 20, 1810, 5 Sm. L. 161, provides that it shall be sued out within 20 days from the rendition of the judgment unless it is apparent on the face of the record that there was no jurisdiction of the subject matter: 1 Troubat & Haly's Practice, 49. The common practice in this court is to make it returnable to the next term. Section 25 of the Act of March 20, 1810, 5 Sm. L. 161, 42 PS §959, implies that it should be returnable to the term, the language in said section relating thereto reading as follows: "and the court shall, at the term to which the proceedings of justices of the peace are returnable in pursuance of writs of certiorari, determine and decide thereon." The decisions of the lower courts of Pennsylvania indicate that writs of certiorari, like other processes, are returnable to the term: North Beaver Overseers v. Big Beaver Overseers, 7 Pa. C. C. 340; Teter v. Cook, 2 Pa. C. C. 171. The rules of this court do not provide when the writ of certiorari shall be made returnable. Section 6 of rule 16 of this court provides that "when the plaintiff has filed exceptions, he may have a rule on the defendant in error to show cause at the next term why the judgment should not be reversed, or proceedings set aside; which rule,

being served, may be made absolute at the next term if sufficient reasons appear."

In his answer filed, the plaintiff did not move to quash the writ of certiorari, but rather joined issue with the defendant on the principal questions raised in the exceptions filed to the justice's record. It seems therefore to be incumbent on the court to decide the question of jurisdiction on its merits, rather than to quash the writ.

The principal question in dispute is whether or not, at the time the second suit was brought, the certiorari to the record of the justice of the peace who entered the first judgment was pending or had been properly discontinued. If it was pending, then the judgment entered in this case should be reversed.

In order to determine the question of lis pendens, we see no reason why the court should not take judicial notice of its own records with regard to the former suit, even though that record is brought into this case by a motion to dismiss made before the justice of the peace. As a general rule, the court can take judicial notice of its own records: Kerr v. Lowry, 2 Dist. R. 371; and we think in this case it is entirely proper. It is true, as a general rule, that exceptions not based on the record are not reviewable: Sunday et al. v. Shuler, 12 York 134; Roushey v. Feist et al., 10 Kulp 79; Stohler v. Vogle, 17 Lanc. 126. Res adjudicata must be pleaded in defense and cannot be considered on certiorari: Palmer et al. v. Phalen, 8 D. & C. 274.

By a reference to the record of the first suit, that is, the suit at no. 195, September term, 1930, it appears that the parties were the same, the cause of action was the same, and both of the judgments relate to the same subject matter: Harrisburg v. Passenger Ry. Co., 1 Dist. R. 192. The record of the first suit shows the following discontinuance: "And now, May 16, 1931, this suit against George Thomas discontinued and costs paid. Challen W.

Waychoff, attorney for Joe Dove", and there is a memorandum of the prothonotary on the record showing the costs paid. The summons in the second suit appears to have been issued the same day, the second suit being the one before Justice Patterson. This discontinuance seems to have been entered without any previous application to the court, and there is nothing on the record to indicate whether the discontinuance was actually entered on May 16, 1931, before or after the second suit was commenced. The court therefore may assume that the discontinuance was entered first.

Several cases in the lower courts have been decided along the same line, although there are only one or two where nearly the same question is raised. A writ of certiorari sued out while an appeal is pending will be quashed: Sam v. Czepull, 29 Dist. R. 590; and it is irregular to sue out a certiorari pending an application to reinstate an appeal: Schlager v. Horn, 4 Kulp 357. Likewise we find that a party may have a certiorari after an appeal is discontinued or abandoned: Bailey v. Jefferson Twp., 7 Dist. R. 550; Ross v. Brown, 7 Pa. C. C. 142.

The last question for our consideration is whether the discontinuance or the dismissal of the first action should have been entered only after obtaining permission from the court.

At 18 C. J. 1149, sec. 7, we find: "The general rule is that a discontinuance must be by leave of court, express or implied, and upon its order, and that a dismissal cannot be accomplished by the mere act of plaintiff alone. . . . Under ordinary circumstances, however, it is almost a matter of course to grant a dismissal or nonsuit, before verdict, upon payment of costs; and in some cases it has been held, that plaintiff may dismiss without formal application or leave of court at any time before trial, provided the dismissal will not work a prejudice to the other parties".

· The above principles are fully supported by Pennsylvania law. "The better practice in such a case is to obtain leave of court to discontinue.

"In strict law a discontinuance is always by leave of court, but in practice leave to discontinue is assumed in the first place without the formality of an application but subject to be withdrawn on cause shown": Commonwealth, to use, v. Magee (No. 1), 224 Pa. 166; Commonwealth, ex rel., v. Tucker, 78 Pa. Superior Ct. 19.

A plaintiff may take a voluntary nonsuit as a matter of right. "In that respect, a voluntary nonsuit differs from a discontinuance as the latter is not of right; the allowance thereof is within the discretion of the court": Donosa v. Ueltzen, 97 Pa. Superior Ct. 556, 558. "A litigant has no absolute right to discontinue an action, without the sanction of the court, either on common law principles or by force of any statute": Beaver v. Slane, 271 Pa. 317, 320. The granting or refusing of leave to discontinue is a matter subject to the discretionary control of the court: Lamb v. Greenhouse, 59 Pa. Superior Ct. 329; Cross's Estate, 309 Pa. 418.

Consolidated National Bank v. McManus, 217 Pa. 190, is authority for holding that where a discontinuance has been entered, the universal practice in Pennsylvania is to assume it was entered with leave in the first instance. And in Davis v. Hillman, 281 Pa. 150, 154, we find: "Ordinarily, consent to terminate an action should be preliminarily secured, but, where it is actually recorded, there is a presumption that it was approved. If, upon application, the court refuses to disregard it, it is further to be presumed that tribunal believed the action to be proper, and, in the absence of abuse of judicial discretion, its order will be upheld." In Stout v. Wertsner, 8 Dist. R. 507, the syllabus holds: "Where the plaintiff has obtained a judgment before a justice of the peace on a note, and the defendant has *certioraried* the proceedings while the case is pending in the Common Pleas, the

plaintiff cannot bring a new suit on the same note unless he discontinues or abandons his original action." It is implied in this case on authority of Findlay et al. v. Keim, 62 Pa. 112, that even if the second suit was begun without discontinuing the first suit, when the objection was made to the second suit, the plaintiff could then, if he did not wish to rely on his original judgment, abandon and discontinue his first suit and go on with the new action.

If before the commencement of the second action, the plaintiff had applied to the court for leave to discontinue the first suit on payment of the costs, the discontinuance would have been allowed, and we see no reason at this time why it should not be approved.

### Order

And now, April 22, 1935, defendant's exceptions to the record of the justice are dismissed, his rule to show cause is overruled, and discharged, and the judgment of the justice is affirmed.

From S. M. Williamson, Waynesburg.