**William CLARKE, Jr., by and through John T. Carpenter his attorney and next friend, Plaintiff,**

v.

**VOLKSWAGEN OF AMERICA, INC., Defendant.**

Civ. No. 73–11–W.

United States District Court, S. D. Iowa, W. D.

Sept. 7, 1976.

Martin A. Cannon, of Matthews, Kelley, Cannon & Carpenter, P.C., Omaha, Neb., and Raymond E. Pogge, of Pogge, Root & Steege, Council Bluffs, Iowa, for plaintiff.

Philip Willson, of Smith, Peterson, Beckman & Willson, Council Bluffs, Iowa, for defendant.

## ORDER

HANSON, Chief Judge.

William Clarke, Jr., sustained serious personal injuries on June 25, 1968 when a Volkswagen automobile in which he was riding left the paved portion of Interstate 80 in western Iowa. On February 20, 1970 Clarke sued the car's driver, George A. Burkle, in this Court. Burkle was the sole defendant to that lawsuit, which was given Civil No. 3–837–W. After certain discovery had been conducted in the case, the parties entered into a stipulation that judgment could be entered "in favor of the plaintiff and against the defendant in the sum of $50,000, and the costs of this action." Pursuant to this stipulation, on November 16, 1970 a judgment entry in the amount of $50,000, signed by the Honorable Roy·L. Stephenson, was filed in this Court. On November 19, 1970 plaintiff filed a satisfaction of that judgment. Said satisfaction recited that the judgment "had been fully paid and satisfied and [the Clerk is] hereby authorized to enter satisfaction of record of said judgment." No further proceedings have ever transpired in that case.

▮ The pending action was filed against Volkswagen on June 8, 1973. Named as plaintiff is William Clarke, Jr., by and through John T. Carpenter, his attorney and next friend.[1] As in the prior lawsuit, damages are sought for the injuries Clarke sustained in the 1968 accident. Presently pending before the Court is defendant's motion for summary judgment, which asserts that the plaintiff's satisfaction of the previous judgment against the driver "constitutes a bar to the instant action." The issue must be resolved under Iowa law.

Numerous decisions of state and federal courts in Iowa have addressed the problems which arise when a plaintiff settles or adjudicates his claim against one joint tortfeasor and then pursues it against another. Certain general principles can be distilled from these decisions. It has long been the law in this state that "there can be but one satisfaction for a wrong." *Metz v. Soule,* 40 Iowa 236, 238 (1875). In the case of joint tortfeasors, even though all wrongdoers are jointly and severally liable, "complete satisfaction by one operates as a discharge of all." *Miller v. Beck,* 108 Iowa 575, 578, 79 N.W. 344 (1899). While it is true that a plaintiff can pursue his claim to separate judgments against numerous separate tortfeasors, "it is well settled that separate judgments against different defendants for the same tort cannot all be enforced. The satisfaction of one discharges the other." *Putney v. O'Brien,* 53 Iowa 117, 121, 4 N.W. 891, 894 (1880); *McDonald v. Nugen,* 118 Iowa 512, 513, 92 N.W. 675 (1902); *Cushing*

1. Civil No. 3–837–W was brought by William Clarke, Jr., by and through his father, William Clarke, Sr., as next friend. That suit was commenced well within Iowa's two-year statute of limitations for personal injury actions, § 614.-1(2), Code of Iowa. The pending case was commenced some 4 years and 11 months after the date of the accident. A prior summary judgment motion by the defendant on the statute of limitations issue was overruled due to material issues of fact as to William Clarke's incompetency and the question of tolling the statute of limitations under § 614.8 of the Code. Thus, question of the running of the statute of limitations remains in issue in this case.

*v. Hederman,* 117 Iowa 637, 639, 91 N.W. 940 (1902).

The applicability of these general aspects of Iowa law to the facts of this case can hardly be questioned. Accepting as true the complaints in this action and the *Burkle* case, the respective defendants are clearly joint tortfeasors. Their alleged wrongful acts have combined to cause one incident of personal injury to the plaintiff— the June 25, 1968 accident. Further, the complaints seek damages for the identical injury: plaintiff's suffering of a "fracture dislocation of the neck at C4 and C5, rendering him totally quadriplegic, and causing him total respiratory failure. He will so remain for the rest of his life." ¶V, Burkle complaint; ¶VI, Volkswagen complaint. The parties have argued this motion from the premise that Burkle and Volkswagen are, at most, joint tortfeasors, and the Court deems this to be a proper view of the law. *See Frank v. Volkswagenwerk, A.G. of West Germany,* 522 F.2d 321, 323 (3d Cir. 1975); *Courtesy Chevrolet, Inc. v. Beech,* 347 F.Supp. 669, 671–72 (M.D.Tenn.1972).

Given the presence of joint tortfeasors, Iowa law clearly dictates that if Clarke had fully litigated his claim against Burkle before a jury or the Court, and judgment in his favor was subsequently entered and fully satisfied, his cause of action against Volkswagen would be discharged by virtue of the prior satisfaction. *Miller v. Beck, supra; Hutchinson v. Treloar,* 229 Iowa 513, 514, 294 N.W. 787 (1940); *Bolton v. Ziegler,* 111 F.Supp. 516, 525 (N.D.Iowa 1953). In such a situation, full adjudication of the plaintiff's claim would compel the conclusion that the amount awarded constitutes "the complete equivalent of the plaintiff's damages." Prosser, *Law of Torts,* § 48 at 300 (4th ed. 1971); *Pillo v. Reading Company,* 232 F.Supp. 761, 762 (E.D.Pa.1964). The problem here, of course, is that there has been no prior adjudication of plaintiff's damages by a finder of facts. Judgment in the amount of $50,000 was entered against Burkle upon the parties' stipulation. Based on the presence of this agreed-to settlement, counsel for plaintiff argue that his

*intent* in settling the prior case governs the effect to be given the filed satisfaction of judgment. That intent is asserted to be a question of fact, and therefore summary judgment is urged to be inappropriate. Under this view the question of the effect, if any, to be given the prior satisfaction of judgment would be submitted to the jury in this case in the context of an affirmative defense.

It is true that under *Community School District of Postville v. Gordon N. Peterson, Inc.,* 176 N.W.2d 169 (Iowa 1970), the intention of the parties who enter into a release will control its subsequent interpretation when that release is relied upon by a joint tortfeasor as a bar to a subsequent suit against him. *Id.* at 175. In such a situation, factual issues as to intent will usually exist. Here, however, no "release" as such was executed. Instead, a judgment was entered by a United States District Judge, and an unambiguous and unqualified satisfaction of that judgment was filed. The question thus boils down to whether that judgment entry and satisfaction can be qualified by extrinsic evidence in a subsequent and separate lawsuit. It is the Court's conclusion that they cannot. Plaintiff's current position amounts to a collateral attack on a prior judgment, and the Court will not entertain it in this case.

As previously stated, defendant's pending motion would meet with prompt success had the prior lawsuit been submitted to a fact-finder and been fully adjudicated. The crucial question raised under this record goes to the effect to be given the agreed-upon judgment and the filed satisfaction thereof. In *City of Chariton v. J. C. Blunk Construction Company,* 253 Iowa 805, 112 N.W.2d 829 (1962), the Iowa Supreme Court rejected an invitation that it "agree that a consent judgment is not an adjudication against the parties." *Id.* at 833. In so doing, the Court quoted authorities to the effect that "it is well settled . . . that a judgment or decree, though entered by consent or agreement of the parties, is res adjudicata to the same extent as if entered after contest," and that

such a judgment "has substantially the same effect as any other judgment rendered in ordinary course." *Id.* This view states the general law. *See, e. g., Traveler's Insurance Co. v. United States*, 283 F.Supp. 14, 28–29 (S.D.Texas 1968); *SEC v. Thermodynamics, Inc.*, 319 F.Supp. 1380, 1382 (D.Colo.1970), *aff'd* 464 F.2d 457 (10th Cir. 1972); *A. D. Juilliard and Co., Inc. v. Johnson*, 166 F.Supp. 577, 585 (S.D.N.Y. 1957), *aff'd* 259 F.2d 837 (2d Cir. 1958), *cert. denied*, 359 U.S. 942, 79 S.Ct. 723, 3 L.Ed.2d 676 (1959). Thus, the agreed-upon judgment entry in *Clarke v. Burkle*, Civil No. 3–837–W, stands on the same footing as if it had been preceded by a full-blown trial. Under Iowa law, however, the mere obtaining of a judgment did not foreclose Clarke's ability to seek redress against other tortfeasors. *Putney v. O'Brien, supra* ; *McDonald v. Nugen, supra.* Plaintiff could have pursued any and all other tortfeasors to judgments, and chosen which judgment to satisfy. Rather than proceed directly against Volkswagen, however, the *Burkle* judgment was satisfied. This satisfaction had the effect of discharging Volkswagen. *Miller v. Beck, supra* ; Restatement, Torts §§ 885, 886; Restatement, Judgments § 95.

While plaintiff attempts to evade the impact of the *Burkle* satisfaction by arguing that it was not intended to discharge anyone else, the language of the satisfaction reflects no such reservation. It is entitled "Satisfaction of Judgment" and states that the $50,000 judgment, with costs, "has been fully paid and satisfied and [the Clerk is] hereby authorized and directed to enter satisfaction of record of said judgment." While the Court has found no Iowa case directly on point with this factual situation, direct authorities from other jurisdictions indicate that plaintiff's present efforts to undo the effects of this unequivocal satisfaction must fail.

The case of *Colby v. Walker*, 86 N.H. 568, 171 A. 774, 104 A.L.R. 840 (1934) is most directly on point with this case. *Colby* arose out of an auto accident. Plaintiff, Rose Colby, was injured when the car in which she was riding collided with an auto driven by one Wilson. Rose Colby sued both drivers; her husband filed a parallel suit. In both cases the plaintiffs' claims against Wilson were "settled and marked judgment by agreement and judgment satisfied." [2] 104 A.L.R. 840, 841. The defendant driver, Walker, who did not settle with the Colbys, urged by motion to dismiss that plaintiffs' settlement with Wilson operated to discharge him from liability. The trial court agreed with Walker, and the New Hampshire Supreme Court affirmed his discharge. The Court initially noted that the receipt of full satisfaction by the plaintiffs would bar a subsequent suit on the "same item" and that the defendants' wrongs were concurrent, causing the same injuries. Addressing the effect of the release given to Wilson, the appellate court found that it was intended to release him alone, and not the defendant-driver. Thus, the release did not discharge the second defendant. In considering the effect to be given the consent judgments, however, the Court made the following statements, which appear to be fully consistent with Iowa common law:

> The judgments which were entered in the suits against Wilson stand somewhat differently. It is the law here that a judgment on the merits against one liable for a tort, followed by satisfaction, works a discharge of others similarly liable for the same injury. *Zebnick v. Rozmus*, 81 N.H. 45, 124 A. 460. Although the judgments here involved were entered by agreement, they were judgments concerning the merits of the case, and are of the same virtue as though rendered upon verdicts of juries. *Hoadley v. Gafill Oil Company*, 241 Mich. 15, 216 N.W. 407; *Cain v. Quannah Light & Ice Company*, 131 Okla. 25, 267 P. 641. The different holding in *Wadhams v. Gay*, 73 Ill. 415,

---

**2.** Wilson was also given a release. There is no indication in this record that any form of release or covenant not to sue was ever entered into between the plaintiff and Burkle. The stipulation, judgment entry, and satisfaction of judgment in Civil No. 3–837–W apparently constitute the entire written record of the parties' agreement.

fails to accord the logical effect to the acts as recorded. Herman, Law of Estoppel, 41, 42.

On the record as it stands, Walker would be discharged by the satisfied judgments against Wilson, and the ruling of the superior court was correct. 104 A.L.R. at 845.

These statements apply with equal force to the pending case.

Phrased somewhat differently, it is this Court's conclusion that the contents of the stipulation, judgment entry, and satisfaction in *Burkle* are sufficiently clear and unambiguous to mandate the discharge of Volkswagen as a matter of law. *See McKenna v. Austin,* 77 U.S.App.D.C. 228, 134 F.2d 659, 664 (1943), where Judge Rutledge noted "[w]hether the settlement is made and accepted as full satisfaction or merely as the best obtainable compromise for the settler's liability is the crucial issue, and ordinarily one of fact. *If however the agreement's terms leave no room for doubt, the decision should be made as a matter of law.*" (emphasis added). The *Postville* opinion of the Iowa Supreme Court, which stressed the intent of the parties construing settlement agreements, appears to acknowledge a similar rule. 176 N.W.2d at 173, quoting from *Gronquist v. Olson,* 242 Minn. 119, 64 N.W.2d 159. Thus, in light of the present unchallenged state of the pleadings in Civil No. 3–837–W, this Court is unwilling to alter the record of that finalized litigation to allow a second recovery here. While this result might appear to be overly harsh, it is primarily influenced by a concern for an orderly disposition of the two *Clarke* cases. Plaintiff is not without a remedy. As the New Hampshire Supreme Court noted in *Colby, supra*:

Judgments may, in certain cases, be corrected to conform to the truth of the case.

Upon the evidence offered by the plaintiffs, it could be found that the sole purpose of entering these agreed judgments was to complete the assurance to Wilson that his liability was discharged, and to

dispose of cases pending in court in an orderly manner. The letter accompanying the releases and agreements for judgments clearly negatives any intention to release Walker. The claims against him are not an afterthought, indulged after the plaintiffs understood they had settled in full. The purpose to look to any other party liable for the wrong has been held and expressed since a time previous to the settlement with Wilson. In carrying out that settlement certain forms were employed which in law operate as discharges of Walker. There was no intention that they should have such effect. They were not essential to the full protection of Wilson. They could be amended now so as to save the plaintiffs' claims against Walker without any detriment to Wilson. It is for the superior court to determine whether these judgments should be altered to conform to such intention of the parties as may be proved. *Lamarre v. Lamarre,* 84 N.H. 441, 444, 445, 152 A. 272, and cases cited.

Of like effect is the statement from *Albright v. R. J. Reynolds Tobacco Co.,* 350 F.Supp. 341, 348 (W.D.Pa.1972), *aff'd,* 485 F.2d 678 (3d Cir. 1973), *as modified,* 3d Cir. No. 72–2105, Nov. 23, 1973, *cert. denied,* 416 U.S. 951, 94 S.Ct. 1961, 40 L.Ed.2d 301 (1974):

Plaintiff attempts to introduce parol evidence to alter or contradict the terms of the release. Plaintiff's lawsuit against the City of Pittsburg and its settlement are contained in the records of the Court of Common Pleas of Allegheny County. We cannot go behind that record to alter its terms. The agreement to settle and discontinue is a contract, *Rivers v. Delaware Valley Mutual Casualty Co.,* 196 Pa.Super. 475, 175 A.2d 87 [1961], and the parol evidence rule applies. Such settlements are not subject to collateral attack in another proceeding. *Oglesby v. Attrill,* 105 U.S. 605, 26 L.Ed. 1186 [1882]; *A. D. Juilliard & Co. v. Johnson,* 259 F.2d 837 [2nd Cir. 1958]; *Myers v. Crick,* 271 Pa. 399, 114 A. 255 [1921]. Where a case has been settled by consent of the parties

and the record so indicates, the record cannot be contradicted. *Sherwood v. Yeomans*, 98 Pa. 453 [1881]. Where the circumstances indicate a general settlement the release will be given effect according to its terms. *Brill's Estate*, 337 Pa. 525, 12 A.2d 50 [1940].

 In essence, the Court today is merely ruling that it will not proceed to the merits of the present controversy so long as the record in Civil No. 3–837–W is allowed to stand intact.[3] While the present state of the record would justify sustaining defendant's summary judgment motion under the views set forth herein, the Court is cognizant of the fact that this litigation has been pending for some time. To avoid the problems inherent in dismissing this case and facing yet another filing if the record in 3–837–W should be modified, the Court deems that the best procedure under the circumstances will be to hold its ruling on the pending summary judgment motion in abeyance to allow the plaintiff to proceed in whatever manner he desires as it relates to the present state of the record in *Clarke v. Burkle*. Should plaintiff take no action within 30 days, defendant's summary judgment motion will be sustained in accordance with this ruling. All other pending motions in this cause are hereby overruled at this time.

IT IS SO ORDERED.

---

**3.** The Court's desire to clarify the effect of the judgment and satisfaction filed in the *Burkle* action is also influenced by certain matters of record herein which indicate that Clarke was incompetent at the time the settlement was negotiated. *Burkle* was an action before this very court. This Court's concern for the integrity of its judgments and of the proceedings before it is reason alone to forestall proceeding to the merits of the pending case until the matter of the impugned judgment in *Burkle* is clarified.