570 F.2d 824
 William CLARKE, Jr., by and through William Clarke, Sr., his
father and next friend, Appellant,
v.
George A. BURKLE, Appellee.
William CLARKE, Jr., by and through John T. Carpenter, his
attorney and next friend, Appellant,
v.
VOLKSWAGEN OF AMERICA, Appellee.
 Nos. 77-1205 and 77-1206.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 15, 1977.
Decided Feb. 21, 1978.
 
 Martin A. Cannon, Omaha, Neb. (argued), and Raymond Pogge, Council Bluffs, Iowa, on brief, for appellant.
 Philip Willson (argued), Smith, Peterson, Beckman & Willson, Council Bluffs, Iowa, on brief, for appellee.
 Before HEANEY, WEBSTER and HENLEY, Circuit Judges.
 HENLEY, Circuit Judge.
 
 
 1
 We have before us consolidated appeals in two separate cases commenced by the same plaintiff in the United States District Court for the Southern District of Iowa; both cases arose out of an automobile accident that occurred in Iowa in 1968 and as a result of which plaintiff sustained injuries that have resulted in his total and permanent disability. Both suits were prosecuted on behalf of plaintiff by next friends. Jurisdiction of the district court was properly invoked in both cases on the basis of diversity of citizenship and requisite amount in controversy.
 
 
 2
 The first suit was filed in 1970 and named George A. Burkle as sole defendant. The second suit was commenced in 1973 and named Volkswagen of America as a defendant; Burkle was not made a defendant in that suit.[1]
 
 
 3
 The first, or Burkle, case was disposed of by a stipulated judgment entered some months after the suit was filed. The judgment was in the principal amount of $50,000 and that amount, plus costs, was paid in full by the liability insurance carrier of the defendant.[2]
 
 
 4
 The second, or VW, case was disposed of by summary judgment in favor of the defendant that was entered after the district court had denied a motion filed on behalf of plaintiff under Fed.R.Civ.P. 60(b) to amend the stipulated judgment that had been entered in the Burkle case so as to reflect the alleged intention of plaintiff or his representative to preserve any existing right of action that plaintiff might have against VW.
 
 
 5
 The district court was of the opinion that plaintiff was not entitled to have the judgment in the Burkle case amended, and that the judgment in question, as written, precluded plaintiff from maintaining his action against VW.
 
 
 6
 Our No. 77-1205 is plaintiff's appeal from the order denying his Rule 60(b) motion in the Burkle case, and our No. 77-1206 is plaintiff's appeal from the summary judgment entered by the district court in the VW case.[3]
 
 
 7
 The procedural history of the litigation is involved and needs to be stated in considerable detail.
 
 
 8
 On June 15, 1968 plaintiff, William Clarke, Jr., a domiciliary of Connecticut and a minor at the time, was riding in a Volkswagen automobile that was being operated by George A. Burkle along Interstate Highway 80 near Avoca, Iowa. Burkle lost control of the car which left the main travelled portion of the highway and overturned. As a result of the accident plaintiff has been rendered a quadriplegic and he may have become mentally incompetent. There is no question about the extent of his injuries, and it may be assumed that fair and reasonable compensation for those injuries would be a sum far in excess of the $50,000 that was paid in settlement of the Burkle case.
 
 
 9
 Plaintiff's father, a citizen of Connecticut, commenced this action in the district court as the next friend of his son on February 20, 1970.[4] The complaint alleged that plaintiff's injuries had been directly and proximately caused by the recklessness and intoxication of Burkle; the injuries were described, and it was alleged that as a result of his injuries plaintiff had become incapacitated and permanently disabled. Damages in the sum of $1,000,000 were sought and plaintiff demanded a trial by jury.
 
 
 10
 On March 1, 1970 an answer was filed in which pleading Burkle denied liability and took issue as to damages. It seems to be undisputed that Burkle's insurance carrier assumed the defense of the suit, as it was required to do under its policy, and that Burkle's answer was prepared and filed by counsel for the insurance company.
 
 
 11
 After some discovery had been had, and obviously after negotiations had been conducted, a settlement was reached under the terms of which a judgment in the sum of $50,000, plus costs, was to be entered against Burkle, which judgment would be paid in full by Burkle's insurance carrier.
 
 
 12
 On November 16, 1970 the parties filed a formal stipulation for the entry of judgment which was signed by counsel on both sides. On the same day a precedent for judgment in favor of the plaintiff and against Burkle was signed by one of the judges of the district court. No hearing was held with respect to the propriety of the settlement, and it was never judicially approved except to the extent that the judgment was signed by a district judge.
 
 
 13
 On November 19, 1970 the insurance company paid off the judgment and counsel for plaintiff filed with the clerk of the district court a formal Satisfaction of Judgment which recited full payment thereof and authorized the clerk "to enter satisfaction of record of said judgment."
 
 
 14
 It will be noted that neither the stipulation for judgment, nor the judgment, nor the satisfaction of the judgment purported to undertake to preserve any rights of the plaintiff against any other party possibly liable to him as a result of the Burkle accident, although materials before us indicate that when the Burkle suit was filed, counsel for plaintiff was aware of the possibility of liability on the part of VW on a products liability theory and may have given some consideration to the filing of a separate suit against VW in Connecticut. In any event, VW was not joined with Burkle as a defendant in the 1970 suit, although such joinder would clearly have been proper.
 
 
 15
 It seems that in 1972 counsel for plaintiff attended a products liability seminar and learned that the model Volkswagen involved in the 1970 Burkle accident may have been improperly designed, and counsel may have concluded that plaintiff had a better case against VW than counsel may have thought in 1970.
 
 
 16
 On June 8, 1973, nearly five years after the happening of the accident, plaintiff, again appearing by a next friend, filed his suit against VW. We observe at this point that the same attorneys who represented plaintiff in the Burkle case represented plaintiff in the VW case, and that one of those attorneys is the next friend who appears for plaintiff in the VW case. We also observe that the same attorneys who appeared for Burkle in the 1970 case appear for VW in the suit against it.
 
 
 17
 In an amended complaint plaintiff charged that VW is liable to him on theories of negligence in the design and manufacture of the automobile involved in the litigation, breach of warranty, and strict liability in tort. Damages in the sum of $10,000,000 were claimed, and plaintiff demanded a jury trial.
 
 
 18
 Counsel for VW filed an elaborate answer to the amended complaint which set out seven separate defenses including a claim that the suit was barred by the Iowa two year statute of limitations that appears as § 614.1(2), Iowa Code Annotated, Cum.Supp. No reference whatever was made to the earlier Burkle suit, or to the judgment entered therein, or to the satisfaction of that judgment, although defense counsel who prepared and signed the answer could hardly have been unaware of the previous suit since he was the lawyer who settled it.
 
 
 19
 Extensive pretrial proceedings were had, and the case was ultimately set for trial on the merits on April 12, 1976. However, on February 6, 1976 counsel for VW filed a motion for summary judgment based on the plea of limitations. Counsel for plaintiff resisted the motion claiming that plaintiff was mentally incompetent, and that the statute had for that reason been tolled. Section 614.8, Iowa Code Annotated, Cum.Supp.
 
 
 20
 On March 15, 1976 the district court dealt with the motion in a memorandum order; the court found that a genuine issue of fact existed as to the mental competency of plaintiff, and that the motion for summary judgment should be denied. The district court concluded its memorandum order by saying:
 
 
 21
 The Court notes that this case is presently set for trial in Council Bluffs, Iowa on Monday, April 12, 1976. Prior to that date, the Court will expect to receive a pleading from counsel for both parties as to the effect they deem the prior judgment of this Court in Civil No. 8-837-W might have on any judgment that should be rendered in this case.
 
 
 22
 Thus, the district court on its own motion raised the issue that later it was to find dispositive of the VW case. We do not know whether the action of the district court took counsel for VW by surprise, but counsel wasted no time in taking advantage of the invitation of the district court.
 
 
 23
 On March 25, 1976 VW filed its First Amendment to Amended Answer which pleading set up an Eighth Defense and a Ninth Defense to plaintiff's claim against VW. In essence those defenses were that the entry and satisfaction of the judgment in favor of plaintiff in the Burkle case barred the plaintiff from maintaining his subsequent action against VW. And a few days later counsel for VW filed another motion for summary judgment, this one based on the disposition of the Burkle case.
 
 
 24
 On April 1, 1976 plaintiff filed his "Response To Court's Order of March 15, 1976." In that pleading counsel for plaintiff denied that the suit against VW was barred by the Burkle judgment but offered to credit against any judgment in plaintiff's favor against VW the $50,000 received as a result of the settlement in the Burkle case.
 
 
 25
 In view of those pleadings the trial setting of the VW case was cancelled, and on September 7, 1976 the district judge filed a memorandum opinion dealing with the question raised by VW's motion for summary judgment. As noted, that opinion has been published and appears as Clarke v. Volkswagen of America, Inc., 419 F.Supp. 74 (S.D.Ia.1976). The district court ruled that on the record in the litigation as it then stood, including the record in the Burkle case, VW was entitled to summary judgment under Iowa law, which concededly governs the rights of the parties. However, the district judge was understandably concerned by the situation with which he was confronted and was unwilling at the moment to enter summary judgment in favor of VW. Judge Hanson said (419 F.Supp. at 79);
 
 
 26
 In essence, the Court today is merely ruling that it will not proceed to the merits of the present controversy so long as the record in Civil No. 3-837-W is allowed to stand intact.[3]
 
 
 27
 3. The Court's desire to clarify the effect of the judgment and satisfaction filed in the Burkle action is also influenced by certain matters of record herein which indicate that Clarke was incompetent at the time the settlement was negotiated. Burkle was an action before this very court. This Court's concern for the integrity of its judgments and of the proceedings before it is reason alone to forestall proceeding to the merits of the pending case until the matter of the impugned judgment in Burkle is clarified.
 
 
 28
 While the present state of the record would justify sustaining defendant's summary judgment motion under the views set forth herein, the Court is cognizant of the fact that this litigation has been pending for some time. To avoid the problems inherent in dismissing this case and facing yet another filing if the record in 3-837-W should be modified, the Court deems that the best procedure under the circumstances will be to hold its ruling on the pending summary judgment motion in abeyance to allow the plaintiff to proceed in whatever manner he desires as it relates to the present state of the record in Clarke v. Burkle. Should plaintiff take no action within 30 days, defendant's summary judgment motion will be sustained in accordance with this ruling. All other pending motions in this cause are hereby overruled at this time.
 
 
 29
 Within the thirty day period allowed by the district court plaintiff, appearing this time by his "father and legal guardian," moved in the old Burkle case for an amendment of the judgment and satisfaction thereof for the purpose "of relieving the plaintiff of the effect of a mistake of law on plaintiff's part, and to show the true intention of the parties, which was not to have the effect of discharging the plaintiff's rights against Volkswagen of America, but merely to discharge the liability of the defendant, Burkle, and to dispose of the cases pending in court, without setting any value on the plaintiff's total damages or discharging the liability of any other person besides Burkle, and specifically to preserve whatever claim plaintiff has against Volkswagen of America."
 
 
 30
 On October 12, 1976 David S. Lathrop of the Omaha law firm of Lathrop & Albracht entered his appearance in the case as counsel for Mr. Burkle, and on the next day there was filed on behalf of Burkle what amounted to a confession of the plaintiff's motion.
 
 
 31
 It will be remembered that VW was not a party to the Burkle suit. However, on the same day as that on which Mr. Burkle was confessing plaintiff's motion to amend the record in that case, VW filed a resistance to the motion.
 
 
 32
 The motion to amend was itself twice amended, and the second amendment was filed after the district court had conducted a hearing on the motion as first amended on November 15, 1976. Both amendments were resisted by VW.
 
 
 33
 The first amendment to the motion refers specifically to Fed.R.Civ.P. 60(b) and sets out the following grounds for relief from the original judgment in the Burkle case:
 
 
 34
 1. The stipulation for judgment was not binding on plaintiff and was void because of his mental incompetency.
 
 
 35
 2. At the time of the judgment plaintiff was not represented by any legally appointed guardian, conservator or guardian ad litem, and the proceedings were never judicially approved by a probate court or any other court.
 
 
 36
 3. As the attorney for Burkle's insurance carrier well knew, plaintiff's father neither had nor claimed any authority to contract away any of plaintiff's rights. "Defendant's attorneys did not seek appointment of any conservator for the plaintiff or similar representative, or seek court approval of any settlement terms. Nothing that was done in this action could have affected the plaintiff's rights in any way."
 
 
 37
 "4. The plaintiff's father's sole intent and that of his attorney was to terminate the suit he had instituted and receive the money offered by Burkle's insurer in exchange. It was never intended by plaintiff's father or his attorneys, and never by plaintiff, that plaintiff's father's receipt of said money was to terminate any right of plaintiff against Volkswagen of America, and release documents to such effect were never prepared or contemplated by any party. Nevertheless Volkswagen of America, the defendant in a suit brought against it in this court on behalf of movant (Civil No. 73-11-W) alleges that the void documents on file herein foreclose plaintiff's rights against it."
 
 
 38
 The second amendment to the motion refers to the hearing that the district court conducted on November 15, 1976. In that amendment counsel for plaintiff stated that the hearing was designed to settle certain questions of law, but that in the course of the hearing certain factual issues came up including the question of why VW had not been joined in the original suit and the question of the intent of the parties when plaintiff's original claim against Burkle was settled. And counsel for plaintiff asked for an opportunity to develop those factual aspects of the controversy.
 
 
 39
 The district judge dealt with the motion, as amended, in a memorandum order that was filed on January 27, 1977. He decided that the motion was without merit and denied it. It followed automatically that summary judgment for the defendant in the VW case was granted, and thereafter these appeals were taken.
 
 
 40
 For reversal counsel for plaintiff contends that plaintiff's motion for an amendment to the judgment in the Burkle case should have been granted and that in any event summary judgment should not have been granted in the VW case. And counsel assigns much importance to the alleged mental incompetency of the plaintiff. Counsel for VW takes the position that the district court correctly decided the questions presented to it and urges that both the Rule 60(b) order in the Burkle case and the summary judgment in the VW case should be affirmed.
 
 
 41
 The opinion of the district court dealing with VW's motion for summary judgment based on the satisfaction of the judgment in the Burkle case is a thorough one and is well supported by citations of authority including Iowa cases. Judge Hanson declared the Iowa law to be that where a plaintiff sues one of several joint tortfeasors, and obtains a judgment against that tortfeasor, and where the judgment is paid off and is satisfied in clear and unambiguous terms, the satisfaction bars the plaintiff from later proceeding against another tortfeasor or other tortfeasors, and that it makes no difference whether the judgment that was satisfied was entered after an adversary trial before judge or jury or whether the judgment was entered by consent or stipulation. And the district court refused to apply to a case involving a satisfied judgment the holding in Community School District of Postville v. Gordon N. Peterson, Inc., 176 N.W.2d 169 (Iowa 1970), that the effect on the liability of joint tortfeasors of a pre-judgment release executed in favor of one of the tortfeasors depends upon the intent of the parties.
 
 
 42
 It was on the basis of that evaluation of Iowa law that the district court determined that VW was entitled to summary judgment unless plaintiff could obtain some relief with respect to the old Burkle judgment and its satisfaction by counsel for plaintiff.
 
 
 43
 As a general proposition of Iowa law, and laying to one side the peculiarities of this particular case, we would in all probability accept Judge Hanson's evaluation expressed in his published opinion, and in that connection would give his views the deference that we rightfully accord in a diversity case to the views of a local judge on questions of local state law. See, e. g., Gatzemeyer v. Vogel, 544 F.2d 988, 992 (8th Cir. 1976); Hysell v. Iowa Public Service Co., 534 F.2d 775, 780 (8th Cir. 1976); Carson v. Nat'l Bank of Commerce Trust & Savings, 501 F.2d 1082, 1083 (8th Cir. 1974).
 
 
 44
 However, as far as the instant litigation is concerned the propriety of the action of the district court in granting summary judgment to the defendant in the VW case may depend, as the district judge clearly recognized, on the question of whether plaintiff is entitled to have the judgment in the Burkle case amended so as to protect, as far as possible, his right to sue VW in a later action. We turn, therefore, to a consideration of plaintiff's amended motion for relief from judgment under Rule 60(b) and of the action taken by the district court with respect thereto.
 
 
 45
 Rule 60(b) provides that on timely motion and on such terms as may be just a district court may relieve a party or his representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence in certain circumstances; (3) fraud, whether "intrinsic" or "extrinsic," misrepresentation or other misconduct on the part of the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it was based has been reversed or vacated, or it is no longer equitable that the judgment should have prospective application; and (6) any "other reason justifying relief from the operation of the judgment." A motion based on Grounds (1), (2) or (3) must be made within a year after the judgment, order or proceeding was entered or taken; and a motion based on other grounds, including Ground (6), must be filed within a "reasonable time" after the judgment, order or proceeding was entered or taken.
 
 
 46
 There is no question that a motion filed under Rule 60(b) addresses itself to the discretion of the district court, and that the action of the district court in connection with such a motion will not be reversed on appeal save for abuse. Pioneer Ins. Co. v. Gelt, 558 F.2d 1303, 1312 (8th Cir. 1977; Hale v. Ralston Purina Co., 432 F.2d 156, 159 (8th Cir. 1970); 11 Wright & Miller, Federal Practice & Procedure, § 2857. The authors just cited have said that "motions under Rule 60(b) involve a nice balance between the interest in finality and the desire to achieve justice. . . ." 11 Wright & Miller, § 2872, p. 261. And, several years ago in Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969), we said that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."
 
 
 47
 The district court characterized the plaintiff's Rule 60(b) motion, as first amended, as being based on the Rule's Ground (1), mistake, and Ground (4), voidness of judgment. Plaintiff's motion, as amended, did not refer in terms to Ground (6) heretofore mentioned.
 
 
 48
 As to the plaintiff's claim that the judgment was entered and satisfied under a "mistake of law" on the part of plaintiff's counsel as to the effect or possible effect of the judgment and satisfaction, the district court observed correctly that this court has held consistently that relief from a judgment is not to be granted under Rule 60(b) simply because its entry may have resulted from incompetence or ignorance on the part of an attorney employed by the party seeking relief. Cline v. Hoogland, 518 F.2d 776, 778 (8th Cir. 1975); United States v. Thompson, 438 F.2d 254, 256 (8th Cir. 1971); Hoffman v. Celebrezze, supra. Aside from that, the district court held that relief could not be granted upon Ground (1) of the Rule because the motion was not filed within one year after the entry of the judgment.
 
 
 49
 As to the claim of plaintiff that the judgment in the Burkle case was "void" so that plaintiff would be entitled to relief upon Ground (4), the district judge pointed out that when the judgment was entered the district court had jurisdiction of the cause and of the parties thereto; that the judgment was not void and that at most it might be voidable if plaintiff was mentally incompetent. However, the district judge observed in that connection that when the judgment was entered in 1970 there was nothing in the record to indicate that plaintiff was mentally incompetent, as opposed to physically disabled, or to indicate that his representation by his father and next friend, as permitted by Rule 17(c), was improper or inadequate.
 
 
 50
 As to the second amendment to the motion which prayed for an evidentiary hearing in certain areas, the district court took the position that in view of its holdings with respect to the original motion and the first amendment thereto, the evidence that plaintiff desired to submit would be irrelevant and that a hearing would not be helpful.
 
 
 51
 In evaluating the rulings of the district court on the motion, including amendments, it should be kept in mind that the plaintiff is not seeking to invalidate the original judgment in the Burkle case or the satisfaction of it as far as Burkle and his insurance carrier are concerned. What the plaintiff is trying to do is obtain relief from the operation of the judgment and satisfaction as they may operate to bar him from prosecuting his later action against VW. Such an effort would be cognizable, although not necessarily successful, under Ground (6) of Rule 60(b), and while plaintiff did not in terms mention Ground (6), we think that the allegations of the first and second amendments to the motion, if not the original motion, were sufficient to invoke Ground (6), and that the district court should have considered that Ground as well as Grounds (1) and (4).
 
 
 52
 We do not accept VW's argument that plaintiff's motion was not filed within a "reasonable time" after the entry of the Burkle judgment and for that reason cannot be considered as a Ground (6) motion. There is nothing in the record to indicate that VW has changed its position to its detriment in reliance on the judgment which was entered in a suit to which VW was not even a party. Counsel for plaintiff was evidently of the opinion, which Judge Hanson held to be erroneous, that under Iowa law a consent or stipulated judgment against one of plural joint tortfeasors followed by a satisfaction of the judgment does not operate to absolve the other tortfeasor or tortfeasors from liability to the injured party unless such was the intention of the parties to the judgment. When the suit against VW was filed less than three years after the Burkle judgment was entered, VW did not plead that judgment as a bar to the action, and indeed did not do so until September, 1976, and then only in response to the suggestion or invitation of the district judge. Had Judge Hanson ruled at that time in favor of the plaintiff in connection with the motion for summary judgment filed by VW, there might not have been any occasion for plaintiff to seek relief from the old judgment or to have that judgment modified.
 
 
 53
 As indicated, we think that the district court should have construed plaintiff's motion and amendments more broadly than it did, and that in the totality of the circumstances of this case it should have held an evidentiary hearing for the purpose of exploring the question of plaintiff's mental competency and the other facts and circumstances leading up to, surrounding and following the entry of the judgment in the Burkle case on November 16, 1970, and the satisfaction of that judgment three days later.
 
 
 54
 This is not an ordinary run of the mill piece of litigation in which a mature and competent plaintiff represented by counsel of his own choice has suffered collateral damage due to actions or inactions of his lawyer or to his lawyer's ignorance of or mistake about the legal consequences of his conduct in the course of the litigation.
 
 
 55
 What we have here is the case of a young man, a citizen of Connecticut, being horribly injured and permanently disabled in an accident occurring in Iowa, and with a distinct possibility that he has suffered a loss of his mental as well as his physical powers. We see the father of this injured individual filing suit in federal court in Iowa simply as the "next friend" of his son, and being principally represented in the litigation by a firm of Nebraska attorneys. We see the case being settled by plaintiff's father and his lawyers, on one hand, and by the liability insurance carrier of an otherwise impecunious defendant, on the other hand, for a sum which, while the limit of the insurance carrier's liability, was insignificant in comparison to the injuries sustained by the plaintiff. And we see the settlement implemented and the case closed without judicial supervision or approval save that the judgment was signed by the judge of the court in which the case was pending.
 
 
 56
 We do not say that an evidentiary hearing in connection with the Rule 60(b) motion would necessarily have done the plaintiff any good. However, to have held the hearing would have consumed little time and effort, and in ruling upon the motion and amendments the district court would have had the benefit of all of the facts, and we would have had the benefit of those facts in reviewing the action of the district court on appeal. In our opinion the action of the trial court in failing to hold a hearing legally amounted to an abuse of discretion, and we think that a hearing must now be held by the district court.
 
 
 57
 In view of this holding it follows that both the order of the district court in the Burkle case and the judgment of the district court in the VW case must be vacated at least for the time being. If after holding the hearing that we are directing the district court adheres to its view that plaintiff is not entitled to relief in the Burkle case under Rule 60(b), the order denying the motion as amended will doubtless be reentered and the summary judgment in the VW case will doubtless be reinstated. On the other hand, should the district court decide that the Burkle judgment or the satisfaction thereof should be amended as desired by counsel for plaintiff, an appropriate order can be entered in the Burkle case, and the district court can then determine the effect of that order on the proceedings in the VW case.
 
 
 58
 In No. 77-1205 the order of the district court denying plaintiff's amended motion for relief from judgment under Fed.R.Civ.P. 60(b) is vacated. In No. 77-1206 the summary judgment ultimately granted in favor of the defendant Volkswagen of America is likewise vacated. Both cases are remanded to the district court for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 The earlier case was docketed in the district court as No. 3-837-W, and we will refer to it as the "Burkle case." The second suit was docketed in the district court as No. 73-11-W, and we will refer to it as the "VW case." We will also refer to Volkswagen of America as "VW."
 
 
 [2]
 As will be mentioned, plaintiff was injured while riding in a motor vehicle operated by Burkle. Burkle seems to have been a person of modest financial means, but he had liability insurance coverage with $50,000 and $100,000 limits. His insurance carrier paid its single policy limit
 
 
 [3]
 Both of the actions of the district court from which these appeals are taken occurred in early 1977. In September, 1976 the district court (The Honorable William C. Hanson, Chief Judge) had filed a formal opinion expressing the view that unless something was done about the judgment in the Burkle case, VW would be entitled to summary judgment in the suit brought against it. However, no formal summary judgment was entered at the time, and plaintiff was given an opportunity to seek relief from the judgment in the earlier case. Clarke v. Volkswagen of America, Inc., 419 F.Supp. 74 (S.D.Ia.1976)
 
 
 [4]
 By that time William Clarke, Jr. was over twenty-one years of age and was not a minor. However, Fed.R.Civ.P. 17(c) permits suits by representatives of both minors and incompetent persons. That rule provides that if a minor or incompetent has no regularly appointed representative, he may sue by a next friend or by a guardian ad litem. The rule also provides that the court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person. This court recently had occasion to consider the power of a federal district court to appoint a guardian ad litem to represent a minor plaintiff in the case of M. S. v. Wermers, 557 F.2d 170 (8th Cir. 1977). It appears that a conservator for plaintiff was appointed by a Connecticut court in November, 1976, but no effort has been made to substitute the conservator as a party plaintiff