**KANSAS CITY BRICKLAYERS EMPLOYEES PENSION FUND, a trust fund, and Kansas City Bricklayers Employees Welfare Fund, a trust fund, and Kansas City Bricklayers Employees Vacation Fund, a trust fund, Appellees,**

**v.**

**KELLY WATERPROOFING, INC., Appellant.**

**No. 80–1475.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1981.

Decided April 22, 1981.

Albert J. Yonke and Michael C. Arnold, Yonke, Shackelford & Arnold, P.C., Kansas City, Mo., for appellees.

Wm. Dick Fickle, Clevenger, Fickle & McGinness, Platte City, Mo., for appellant.

Before ROSS, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

This appeal involves the denial by the district court of a motion brought pursuant to Federal Rule of Civil Procedure 60(b) to vacate a default judgment rendered against Kelly Waterproofing, Inc., (Kelly) in favor of the Kansas City Bricklayers Employees Pension Fund, Kansas City Bricklayer Employees Welfare Fund and Kansas City Bricklayer Employees Vacation Fund (Funds).

The Funds initiated the action under the National Labor Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, to collect delinquent fringe benefit contri-

butions owed by Kelly under a collective bargaining agreement. Suit was filed March 9, 1977, and service of process had on Kelly March 17, 1977. Kelly filed no answer in the action.

On February 20, 1979, the Funds filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) requesting a total of $344.40 in delinquent contributions for the period ending December 31, 1976, as well as an accounting of Kelly's business records to determine any additional contributions due for the period from December 31, 1976, to the date of default judgment. The motion also included a request for $86.45 in liquidated damages, $1464.00 in attorney's fees, and audit costs of $832.50 for the period ending December 31, 1976. The Funds requested that the district court reserve judgment on similar costs for the period after December 31, 1976, pending the completion of an audit of Kelly's books.

The district court gave Kelly 15 days to show cause why the default judgment should not be entered pursuant to the Fund's motion. Kelly did not respond. A default judgment was entered March 9, 1979, and all relief requested by the Funds was granted.

Kelly then filed a motion to vacate the default judgment under Rule 60(b) alleging that it had never received a copy of the order to show cause why default judgment should not be entered against it, and that it failed to obtain legal counsel in this matter because of its mistaken belief that the matter had been resolved based on negotiations conducted both by Kelly's agent, the Builders Association of Kansas City, and directly between Kelly and the Funds. The Funds, in a brief and affidavits submitted in opposition to Kelly's motion, asserted that a letter stating the Funds' intention to seek a default judgment if delinquent contributions were not paid had been sent to Kelly October 27, 1978. It also stated that a copy

of the motion for default judgment had been sent to Kelly via certified mail on February 20, 1979, and that the return receipt had been signed by a Janet Watkins for Kelly Waterproofing, Inc., on February 23, 1979. The district court denied the motion to vacate judgment and Kelly appeals.

On appeal Kelly maintains that the district court abused its discretion in refusing to vacate the default judgment under paragraphs 1, 5 or 6 of Rule 60(b). It urges that it is entitled to relief from the default judgment on the basis of an honest belief that the controversy had been resolved and that the amount in question had been paid either to the Funds or to other unions or were levied against employees who did not work for Kelly. We disagree. It is clear that the action of a district court in connection with a Rule 60(b) motion will not be reversed absent some showing of abuse of discretion. *Clarke v. Burkle*, 570 F.2d 824, 830 (8th Cir. 1978). There we reaffirmed our position with regard to Rule 60(b) quoting *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969) that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." A careful review of the record and briefs shows no such circumstances. Although the costs and attorney's fees awarded do seem substantial,[1] that of itself does not make the circumstances exceptional. The order of the district court denying the motion to vacate judgment is affirmed.

---

1. The district court reserved judgment on further awards of attorney's and accounting fees and we feel sure that he will minimize those awards since much of the work relating to this second period was done in this case prior to the date of default. That, however, is a matter for the district court to decide.