**W. T. GARRETT and Carolyn Garrett, his wife, Appellants,**

v.

**Bill DEAVERS, Yacht "Sin or Swim," Jerry Holland and Joe Borghetti, Jr., Appellees.**

No. 80–2156.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1981.

Decided May 19, 1981.

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

Mr. & Mrs. W. T. Garrett, pro se, on brief.

Blevins & Pierce, North Little Rock, Ark., on brief for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

W. T. and Carolyn Garrett, husband and wife, appeal *pro se* from the judgment of the district court dismissing their complaint in admiralty and assessing costs against them. The Garretts allege in their petition that the defendants' negligent operation of the yacht "Sin or Swim" on the Arkansas River on May 21, 1977, resulted in serious personal injuries to W. T. Garrett. Garrett seeks compensation for medical expenses, lost wages, pain and suffering, and impaired earning capacity. His wife seeks damages for loss of consortium.

At the close of a nonjury trial the district court[1] found that defendants' yacht, the "Sin or Swim," was in no way involved in the incident which resulted in Garrett's injuries. On that basis the district court dismissed the Garretts' petition and assessed costs against them.

On appeal the Garretts raise the following allegations of error:

1) the trial court erred in refusing to allow plaintiffs' attorney to call defendant Bill Deavers as a witness;

2) the trial court improperly applied the doctrine of assumption of risk to this case;

3) the trial court erred in refusing to grant a continuance;

4) the trial court applied an erroneous principle of law that the operator of a boat is not responsible for its wake; and

5) the trial court erred in refusing to grant a new trial on the basis of newly discovered evidence.

Upon a thorough review of the record[2] we find the Garretts' allegations of error to be without merit and we affirm.

Nowhere in the available record does there appear any request by the plaintiff for a continuance, hence no basis for review on that issue exists. The Garretts' contention regarding the alleged refusal of the trial court to allow the defendant to testify is likewise without substance. The record indicates merely that the Garretts' attorney failed to call defendant Bill Deavers and Deavers chose not to testify for the defense. Furthermore, the contentions regarding erroneous principles of law are in-

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. We note that only a partial transcript was submitted on appeal. Our findings are based upon a review of that transcript.

apposite here. The district court based its dismissal of the case on its finding that the yacht "Sin or Swim" was not involved in the incident in question. Findings of fact by the district court are entitled to great weight and must be accepted unless they are clearly erroneous. *Werner v. United States Dept. of Interior*, 581 F.2d 168, 172 (8th Cir. 1978). Appellants have not met their burden of demonstrating the court's error. *Snodgrass v. Nelson*, 503 F.2d 94, 96 (8th Cir. 1974). Finally, the district court's decision on appellants' motion for new trial based on newly discovered evidence will not be reversed absent a showing of abuse of discretion. *Clarke v. Burkle*, 570 F.2d 824, 830 (8th Cir. 1978). Appellants have made no such showing of abuse. Accordingly, the decision of the district court is affirmed.