JOSEPH GARLAND *vs.* THE BEVERLY HOSPITAL CORPORATION & others.[1] No. 98-P-192. December 16, 1999. *Practice, Civil,* Standing. *Charity. Attorney General.*

Subsequent to the merger of the Addison Gilbert Hospital in Gloucester and

[1]Northeast Health Systems, Inc., and the Attorney General.

the Beverly Hospital in Beverly, the plaintiff[2] brought an action in the Superior Court for declaratory and injunctive relief against the defendants. In his complaint, the plaintiff asserted that the defendant Beverly Hospital Corporation, which now owns the hospitals, and the defendant Northeast Health Systems, Inc., which operates the hospitals, have diverted charitable assets of the Addison Gilbert Hospital to purposes other than those for which they were intended and, thus, a constructive trust should be imposed on its assets. The plaintiff also alleges that the defendant, L. Scott Harshbarger, in his capacity as Attorney General, declined to take any action to protect those assets. The defendants filed motions to dismiss the complaint on the ground that the plaintiff lacked standing to bring this action. A Superior Court judge allowed the defendants' motions to dismiss on this ground. The plaintiff then filed a motion for relief from judgment under Mass.R.Civ.P. 60(b)(3), 365 Mass. 828-829 (1974), asserting that the Attorney General had received political contributions from the officers of the defendant corporations and, thus, was unable to discharge his duties under G. L. c. 12, § 8.[3] Because a final judgment had entered from which the plaintiff had filed a notice of appeal, the Superior Court judge ruled that the plaintiff should seek relief in the appellate courts and denied the motion. The plaintiff appeals from the judgment dismissing the action and the order denying the motion for relief from judgment. We affirm the judgment. We also affirm the order denying the motion for relief from judgment on a different ground.

1. *Motions to dismiss.* The plaintiff asserts that as a resident of Gloucester and donor of funds to the Addison Gilbert Hospital, he has standing to bring this action. The parties do not dispute that the Addison Gilbert Hospital is a public charity. It was established as a Massachusetts charitable corporation in 1889 to provide medical and surgical care to the residents of Gloucester consistent with the provisions of the will of Addison Gilbert. Neither plaintiff's residence nor his status as a donor confers upon him an interest in the Addison Gilbert Hospital sufficiently distinct from that of the general public to grant him standing. *Burbank* v. *Burbank*, 152 Mass. 254, 255-257 (1890). *Dillaway* v. *Bulton*, 256 Mass. 568, 573-574 (1926). The Legislature has determined that only the Attorney General, on behalf of the general public, has the requisite standing to bring an action alleging the misuse of charitable assets. G. L. c. 12, § 8. *Weaver* v. *Wood*, 425 Mass. 270, 275 (1997), cert. denied, 522 U.S. 1049 (1998). The plaintiff, thus, lacks standing to pursue this action.

---

[2] The action that was commenced in the Superior Court named five other individuals as plaintiffs. The notice of appeal named Joseph Garland as the only appellant. We, thus, consider him the only appellant in this action. See Mass.R.A.P. 3(c), as amended, 378 Mass. 927 (1979); *Cummings* v. *City Council of Gloucester*, 28 Mass. App. Ct. 345, 349 (1990).

Apart from the defect in the notice of appeal, we are of the opinion that the other named plaintiffs, who are identified as residents of Gloucester, donors to the Addison Gilbert Hospital, and former employees and members of the Addison Gilbert Hospital Corporation, have no distinct interest in the Addison Gilbert Hospital which differs from that of the general public and thus have no standing to pursue this action. *Weaver* v. *Wood*, 425 Mass. 270, 275 (1997), cert. denied, 522 U.S. 1049 (1998).

[3] General Laws c. 12, § 8, as inserted by St. 1979, c. 716, provides: "The attorney general shall enforce the due application of funds given or appropriated to public charities within the commonwealth and prevent breaches of trust in the administration thereof."

2. *Motion for relief from judgment.* The plaintiff filed a motion for relief from judgment under Mass.R.Civ.P. 60(b)(3) based on the alleged misconduct of the Attorney General. The plaintiff alleged that the Attorney General had failed to disclose to the court an alleged conflict of interest precluding him from acting in this matter, namely the failure to disclose to the court that the corporate officers of the defendant corporations were seeking campaign contributions for the benefit of the Attorney General just prior to the time the Attorney General was asked to seek judicial review of the diversion of charitable assets.[4]

Although the meaning of the motion judge's endorsement denying the motion is unclear,[5] we uphold his denial of the motion. We believe that the plaintiff has failed to demonstrate record support for those allegations. The only proof offered is that several months before the plaintiff requested the Attorney General to investigate the defendants' use of funds belonging to the Addison Gilbert Hospital, the president of the Northeast Health Systems, Inc., was one of the hosts of a fund-raising event for the Attorney General. In spite of this, the plaintiff has not demonstrated that the Attorney General failed to investigate the plaintiff's allegations of misuse of funds by the defendants once he was requested to do so or that the decision refusing to bring legal action against the defendants was based on improper motives. See *Ames* v. *Attorney Gen.*, 332 Mass. 246, 252 (1955) (individuals, without any interest other than that of the general public in the proper administration of a public charity, alleging that the Attorney General had been influenced by erroneous view of the law in making a decision not to bring suit against the trustee of the public charity could not maintain an action against the Attorney General for a review of his decision not to take action against the trustee). Further, although this information was readily discoverable or allegedly known to the plaintiff at the time he opposed the motions to dismiss, he failed to assert this as a ground for denying the defendants' motions to dismiss.

In any event, the plaintiff's allegations of misconduct by the Attorney General do not alter the fact that the plaintiff lacked standing to maintain this action and did not seek any relief against the Attorney General in his complaint. See *USTrust* v. *Henley & Warren Mgmt, Inc.*, 40 Mass. App. Ct. 337, 344 (1996) (a court may properly consider the realistic prospect of success in the claim sought to be revived).

> *Judgment affirmed.*
> *Order denying motion for relief from judgment affirmed.*

*Robert S. Wolfe* for the plaintiff.

---

[4]The plaintiff also alleged that the Attorney General violated several disciplinary rules. There is no merit to those allegations.

[5]It is not clear whether the judge thought that he could not act on the motion or denied the motion, in his discretion, because he believed that the plaintiff could not maintain this action. There is no question that if the judge had chosen to rule on the grounds alleged, he could have done so, because the appeal had not yet been docketed in the Appeals Court. Reporters' Notes to Mass.R.Civ.P. 60, Mass. Ann. Laws, Court Rules, at 869 (Lexis 1999). Even if the appeal had been docketed, this would not have precluded the judge from denying the motion on its merits or allowing it after leave had been obtained from the Appeals Court to act on the motion. *Springfield Redev. Authy.* v. *Garcia*, 44 Mass. App. Ct. 432, 435 (1998).

*Robert M. Buchanan, Jr.*, for The Beverly Hospital Corporation & another.
*John R. Hitt*, Assistant Attorney General, for the Attorney General.