IN THE MATTER OF MICHAEL G. MOORE. May 25, 2007. *Attorney at Law,* Disciplinary proceeding, Contempt.

In *Matter of Moore*, 442 Mass. 285 (2004), we vacated a judgment of a single justice of this court disbarring the respondent, attorney Michael G. Moore, and remanded the matter to the county court for "entry of a judgment suspending the respondent from the practice of law for a period of two years." *Id.* at 296. A judgment after rescript was entered in the county court to this effect on September 15, 2004. Thereafter, bar counsel filed a petition for contempt in the county court, alleging that the respondent had engaged in the unauthorized practice of law while under suspension. A notice issued requiring the respondent to appear and show cause why he should not be held in contempt.

Instead of appearing at a scheduled hearing, however, the respondent filed a notice indicating he would not appear, as well as a consolidated motion to dismiss for lack of subject matter jurisdiction and motion for summary judgment. Not only did the respondent not appear at the scheduled hearing, he did not challenge by way of answer, affidavits, or testimony, bar counsel's evidence concerning the unauthorized practice of law.

---

After hearing and consideration of bar counsel's evidence and the respondent's consolidated motions, a single justice (the same single justice who initially had ordered the respondent disbarred) denied the respondent's motions and found him in contempt of the September 15, 2004, judgment of term suspension. She ordered that the respondent cease holding himself out as an attorney, and barred him from applying for reinstatement for four years from the entry of her order. S.J.C. Rule 4:01, § 17 (8), as appearing in 425 Mass. 1321 (1997). This appeal followed. We affirm the judgment of the single justice.

The respondent first contends the single justice was without jurisdiction to consider bar counsel's contempt petition because it was this court's decision in *Matter of Moore, supra*, that effectively suspended him from the practice of law, not the single justice's judgment after rescript. He cites no authority for that proposition. It is without merit; there is nothing unusual or improper about this sequence of events. See, e.g., *Matter of Shaughnessy*, 446 Mass. 1013 (2006) (affirming single justice's order adjudging respondent in contempt of judgment entered after full court's rescript). See also *Carilli v. Hersey*, 303 Mass. 82, 84 (1939) ("rescript . . . directing the sort of final decree to be entered, is not itself a final decree"). In our 2004 opinion, we remanded the case to the county court for entry of a judgment suspending the respondent for two years. *Matter of Moore, supra*. The judgment after rescript in the county court correctly stated:

> "[I]t is ORDERED AND ADJUDGED that the decision of the single justice entered on August 8, 2003, is vacated and Michael G. Moore is hereby suspended from the practice of law in the Commonwealth of Massachusetts for a period of two years effective immediately upon the entry of this Order."

The single justice plainly had authority to consider whether the conduct alleged by bar counsel constituted contempt of the judgment of the county court that was entered at the full court's direction.[1]

Nor is there merit to the respondent's assertion that neither this court nor a single justice may exert disciplinary authority over him because any legal advice he rendered involved a Federal immigration law matter rather than a State law issue. The issue before the single justice on the contempt petition, however, was whether the respondent rendered legal services in violation of the judgment of suspension. *Matter of Kersey*, 444 Mass. 65, 69 (2005) (attorney contesting validity of court order should appeal or seek reconsideration). Regardless of the specific topic of representation, on the record before her, the single justice was warranted in concluding that the respondent engaged in the unauthorized practice of law in the Commonwealth during the period of his

---

[1]Also without merit is the respondent's claim that the single justice hearing the contempt petition should have recused herself and should not have considered the contempt petition, because her earlier order of disbarment had been vacated. This argument, raised for the first time in the respondent's reply brief filed in this court, is unpreserved and unsubstantiated. The respondent did not file a motion in the county court seeking to have the single justice recuse herself, and the record does not support any claim that the judge had "a personal bias or prejudice concerning a party." S.J.C. Rule 3:09, Canon 3 (E) (1) (a), as appearing in 440 Mass. 1309 (2003).

suspension. See S.J.C. Rule 4:01, § 1(1), as amended, 430 Mass. 1319 (2000) ("Any lawyer or foreign legal consultant admitted to, or engaging in, the practice of law in this Commonwealth shall be subject to this court's exclusive disciplinary jurisdiction . . ."). See also *Matter of Pomeroy*, 21 Mass. Att'y Discipline Rep. 546 (2005) (suspension arising out of neglect of immigration cases); *Bar Counsel* v. *Honore*, 21 Mass. Att'y Discipline Rep. 341 (2005) (discipline imposed for misconduct "arising out of [attorney's] representation in an immigration matter"); *Matter of Ryan-Webster*, 18 Mass. Att'y Discipline Rep. 452 (2002), citing *Matter of Ryan*, 285 A.D.2d 281 (N.Y. 2001) (reciprocally disbarring attorney based on appearances filed with board of immigration appeals while under suspension, and failing to cooperate with investigation); *Gadda* v. *Ashcroft*, 377 F.3d 934, 939 (9th Cir. 2004) (Supreme Court of California had jurisdiction to discipline attorney for misconduct in Federal immigration matters; "federal law does not preempt the Supreme Court of California's authority to suspend or disbar attorneys admitted to practice in California state courts").

The remainder of the respondent's arguments primarily consist of conclusory assertions that the conduct alleged in the contempt petition did not violate the terms of his suspension. The respondent did not answer the petition, did not appear at the show cause hearing as ordered by the single justice, and did not submit any evidence challenging the affidavits submitted by bar counsel (from individuals who received legal advice from the respondent during the period of his suspension).[2] The single justice did not err in accepting the facts alleged in the uncontroverted affidavits, or in concluding that they established the respondent had engaged in the unauthorized practice of law.[3]

*Judgment affirmed.*

*Michael G. Moore*, pro se.
*Terence M. Troyer*, Assistant Bar Counsel.

---

[2]Notwithstanding his failure to appear at the scheduled hearing, on appeal, the respondent contends that the single justice erred in denying his motion to dismiss and for summary judgment without a hearing, and that the contempt sanction was imposed without notice to him. The respondent, however, was given notice of the hearing prior to imposition of sanction, and he was afforded the opportunity to show cause why he should not be held in contempt. There is no showing that he was prejudiced by the lack of any other hearing.

[3]The respondent suggests that an attorney-client relationship does not arise in the absence of a "formal, mutual and dated service agreement with documentation of fees and retainer." While written agreements may be "preferabl[e]," e.g., Mass. R. Prof. C. 1.3, comment [3], 426 Mass. 1313 (1998), lack of a writing does not preclude a finding that an attorney-client relationship was formed. E.g., *Mulhern* v. *Roach*, 398 Mass. 18, 24 (1986) ("absence of a valid contingent fee agreement does not prevent an attorney from recovering the fair value of his or her services"); *DeVaux* v. *American Home Assur. Co.*, 387 Mass. 814, 817 (1983) ("An attorney-client relationship need not rest on an express contract"). The respondent's assertion that the judgment of suspension permitted him to represent existing clients beyond a limited winding-up period similarly is without merit.