This action originated in Land Court when RY-CO International, Ltd. (RCI), filed a petition alleging that it held, by assignment, a mortgage that the trustees had executed on registered land. RCI sought an order to bring forward the mortgage and related assignments to be registered on, among other things, the current certificate of title. The petition named as respondents not only the trustees but also two other entities, RBS Citizens, N.A. (RBS), and Sovereign Bank (Sovereign), which held subsequent mortgages on the property. The trustees moved to dismiss the petition, arguing that the mortgage had been discharged pursuant to G. L. c. 260, § 33, the obsolete mortgage statute. The judge allowed the trustees' motion in an amended order dated January 24, 2014 (amended order). The amended order was affirmed in an unpublished decision pursuant to our rule 1:28. RY-CO Int'l Ltd. v. VonIderstein, 89 Mass. App. Ct. 1130 (2016). Further appellate review was denied. RY-CO Int'l Ltd. v. VonIderstein, 477 Mass. 1110 (2017).
RCI subsequently filed a motion under Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974), requesting that the amended order be further amended, or that a new order issue, to dispose of the underlying action as to RBS and Sovereign. The judge denied the motion because it was untimely and because the amended order adjudicated an in rem proceeding and was thus already final as to all claims and parties. RCI appeals, challenging the judge's analysis regarding timeliness and his conclusion that the amended order was final.[4]
Discussion. "A motion pursuant to rule 60 (b) (6) is addressed to the discretion of the judge, ... and the court's action 'will not be reversed on appeal save for abuse.' " Parrell v. Keenan, 389 Mass. 809, 815 (1983), quoting Clarke v. Burkle, 570 F.2d 824, 830 (8th Cir. 1978). The judge "may consider whether the moving party has a meritorious claim or defense, whether extraordinary circumstances warrant relief, and 'whether the substantial rights of the parties in the matter in controversy' will be affected by granting the motion" (citations omitted). Id., quoting United States v. Cato Bros., 273 F.2d 153, 157 (4th Cir. 1959). The motion must be brought "within a reasonable time," and the determination of what constitutes a reasonable time is also within the judge's discretion. Chavoor v. Lewis, 383 Mass. 801, 805 n.4 (1981).
1. Timeliness. RCI argues that the judge, in calculating whether RCI's motion was timely, should not have included the three years during which RCI had an appeal pending in this court and an application for further appellate review pending in the Supreme Judicial Court.[5] We are not persuaded that the judge abused his discretion in doing so. RCI was not, as it claims, barred from filing its motion while the appeal was pending. "Even [after] the appeal had been docketed, this would not have precluded the judge from denying the motion on its merits or allowing it after leave had been obtained from the [appellate] [c]ourt to act on the motion." Garland v. Beverly Hosp. Corp., 48 Mass. App. Ct. 913, 915 n.5 (1999). See Commonwealth v. Cronk, 396 Mass. 194, 196-197 & n.2 (1985).
2. Relief sought. Even putting timeliness aside, the judge did not abuse his discretion in denying RCI's motion. That motion requested that the judge vacate the amended order only for the purpose of "dispos[ing] of the 2013 Subsequent Action as to all respondents, including [RBS and Sovereign], or alternatively, enter a separate, final order disposing of the same as to RBS and Sovereign on the court docket record." In substance, RCI's motion aimed to make it explicit in the court record, one way or another, that the judge's earlier decision applied to RBS and Sovereign as well as to the trustees.
Although the judge declined to grant the precise form of relief that RCI requested, the substance of the judge's ruling gave RCI just what it asked. The judge ruled that the amended order "is a final adjudication of all claims involving all parties because it is an adjudication of an in rem proceeding on the registered land at issue." To whatever extent RCI could conceivably have had any lingering doubt about the reach of the amended order, the judge eliminated that doubt by stating that the amended order had "finally and entirely adjudicated the claims of the petition, including all claims involving the interests of RBS and Sovereign." RCI offers no argument as to how the judge abused his discretion in declining to go further, i.e., in declining to amend the amended order itself.
3. Appellate attorney's fees and costs. The trustees ask that RCI be ordered to pay their appellate attorney's fees and costs. We will allow the request as we conclude the appeal was frivolous, there being no unsettled law and no reasonable expectation of a reversal. See G. L. c. 211A, § 15 ; Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979); Avery v. Steele, 414 Mass. 450, 455 (1993). The trustees are invited to file a verified and itemized application for appellate attorney's fees and costs within fourteen days of the date of this decision, and RCI will have fourteen days thereafter in which to file any opposition to the amounts requested. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).
Conclusion. The order dated January 24, 2018, denying RCI's motion under rule 60 (b) (6) is affirmed.
So ordered
Affirmed.

Additionally, RCI argues that the judge ignored the contractual effect of the mortgage as well as the possibility that the mortgage was enforceable in personam against the trustees. Neither argument was raised below, so we consider both to be waived.

RCI's appeal of the amended order was docketed in this court on July 14, 2014. A panel of this court affirmed the amended order on June 29, 2016. Further appellate review was denied on July 27, 2017, and the rescript was received in the Land Court on August 3, 2017.