NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-561

GOLDMAN SACHS MORTGAGE COMPANY

vs.

R. SUSAN WOODS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is a consolidated appeal from (1) a Land Court judgment dismissing an action to remove a cloud from title and (2) a procedural order of a single justice of this court.  The plaintiff, Goldman Sachs Mortgage Company (Goldman Sachs), conducted a foreclosure sale of property owned by the defendant, R. Susan Woods, and purchased the property as the highest bidder.  Woods then recorded an affidavit at the registry of deeds contesting the sale, Goldman Sachs brought this action in Land Court to remove the resulting cloud on its title, and Woods counterclaimed for declaratory relief.  While the action was pending, Woods filed for bankruptcy and listed the property as an asset.[1]  Goldman Sachs sold its interest in the property to

_____

[1] Woods states that she designated the property as exempt from the bankruptcy proceedings but that the exemption was denied.

the bankruptcy trustee.  Then, in the bankruptcy proceedings, the bankruptcy trustee filed a motion to sell the property free and clear of liens, and the motion was allowed.  Due to the changed circumstances, Goldman Sachs moved to dismiss the Land Court action, and the motion was allowed.

Woods now appeals from the judgment of dismissal.  She also appeals from a single justice order dated December 28, 2021, denying her request for leave to file a motion in Land Court, pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), to reopen the case and expand the record.  We affirm both the judgment and the order.[2]

1.  Land Court judgment.  Woods argues, in summary, that the foreclosure sale was void; that Goldman Sachs did not have title to convey to the bankruptcy trustee; that it was incumbent on the Land Court to decide matters of title; and that, for a variety of reasons, the Land Court judge who decided the motion to dismiss erred in relying on what occurred in the bankruptcy proceedings.  Woods's arguments fail to take into account the effect of the bankruptcy proceedings on Goldman Sachs's claim to remove a cloud on title and on Woods's counterclaim for declaratory relief.

---

[2] We acknowledge the amicus brief filed by Dawn Thompson.

2

We turn first to Goldman Sachs's claim. Once Goldman Sachs conveyed its interest in the property to the bankruptcy trustee, Goldman Sachs no longer had any claim of title and thus had no stake in whether Woods's affidavit created a cloud on title. As stated in its motion to dismiss, Goldman Sachs had "no skin in the game[,] because of its conveyance to the [t]rustee." "Litigation ordinarily is considered moot when the party claiming to be aggrieved ceases to have a personal stake in its outcome." Attorney Gen. v. Commissioner of Ins., 403 Mass. 370, 380 (1988). "The general rule is that courts ordinarily will not decide moot questions." Norwood Hosp. v. Munoz, 409 Mass. 116, 121 (1991). Accordingly, the Land Court judge was correct in ruling that Goldman Sachs's claim was moot and should be dismissed.

Turning next to Woods's counterclaim, Woods requested a declaratory judgment against Goldman Sachs that her recorded affidavit should "stand," that various mortgage assignments were invalid, that the foreclosure sale was void, and that she therefore had a clear title.[3] As a result of Woods's filing for bankruptcy, Woods's interest in the property became part of the bankruptcy estate, and she no longer held title regardless of

---

[3] The counterclaim also alluded to, but expressly declined to press at that time, a claim of a violation of G. L. c. 93A. Woods never further amended the counterclaim to raise a chapter 93A issue.

3

whether the mortgage assignments were invalid or whether the foreclosure sale was void. See 11 U.S.C. § 541(a)(1). At that point, the actual controversy between the parties, Woods and Goldman Sachs, ceased to exist. Even if we assume for purposes of argument that Woods retained some legally cognizable interest in the requested declarations, Goldman Sachs, after its conveyance to the trustee, no longer had any such interest. The status of Woods's affidavit, the mortgage assignments, the foreclosure sale, and Woods's title was of no continuing concern to Goldman Sachs.[4] Thus, Wood's counterclaim for declaratory relief against Goldman Sachs was moot, and dismissal on that ground was proper.[5]

2. <u>Single justice order</u>. Separately, Woods argues that a single justice of this court abused his discretion in denying her motion for leave to file, in the Land Court, a rule 60 (b) motion supported by an affidavit regarding alleged illegalities affecting her mortgage. We are unpersuaded. Woods's motion to the single justice offered no good reason why she had not filed her affidavit in the Land Court at an earlier stage -- either in

---

[4] If Woods had any argument as to Goldman Sachs's continuing interest, it has been waived by her failure adequately to argue it, either to the judge or in this appeal.

[5] We recognize Woods's underlying claims that she was a victim of predatory and discriminatory lending, and that her property was taken from her illegally. Nonetheless, our review is limited to the issues that are properly before us -- in particular, whether the case between these parties was correctly dismissed as moot.

4

opposition to Goldman Sachs's motion to dismiss or else in support of a postjudgment motion prior to the appeal being docketed in this court.  See Garland v. Beverly Hosp. Corp., 48 Mass. App. Ct. 913, 915 n.5 (1999).  Woods's single justice motion asserted that the affidavit was not filed previously "because [she] was denied the evidentiary hearing she sought." But the absence of an evidentiary hearing does not explain why Woods could not have filed the affidavit in response to the motion to dismiss.  Although Woods was self-represented, she was able to file a detailed written opposition (with attachments) to that motion, as well as a written supplement to that opposition. Moreover, and in any event, it would have been futile for Woods to seek relief based on that affidavit where, as discussed, the Land Court no longer had jurisdiction of either Goldman Sachs's quiet title claim or Woods's declaratory judgment counterclaim.

5

In sum, we see no abuse of discretion in the single justice's order.[6]

Judgment affirmed.

Single justice order dated
   December 28, 2021,
   affirmed.

By the Court (Massing,
   Sacks & Walsh, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  February 13, 2023.

---

[6] Woods's reply brief argues that the single justice should have recused himself due to a conflict of interest allegedly created by his ownership of stock in a bank that is not a party hereto. Woods acknowledges that she made no recusal request to the single justice.  Therefore, the argument is waived.  See Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983).  On this record, any decision by the single justice not to recuse himself sua sponte from ruling on Woods's motion for leave provides no basis for relief from the denial of that motion. Cf. Matter of Moore, 449 Mass. 1009, 1010 n.1 (2007) (summarily rejecting recusal claim raised for first time on appeal); Commonwealth v. Armand, 411 Mass. 167, 175-176 (1991) (same). Were the motion for leave before us de novo, we would deny it.

[7] The panelists are listed in order of seniority.